### William W. Kimball v. Reuben Macomber.

*Garnishment—Estoppel—Instructions.*

The respondent in a criminal case deposited with his lawyer some money belonging to his employer, to secure bail. The lawyer turned the money over to the bondsman, and the latter, being afterward garnished by creditors of the respondent, paid out the money to satisfy their claims though he had known, when garnished, that it was the money of the employer. *Held* that he should have so disclosed, and that in a suit against him by the employer, as for money had to plaintiff's use, he could not set up the application of the money in payment of the claims of the creditors.

An instruction will not be deemed erroneous in the absence from the record of a material exhibit on which it is based.

Error to St. Joseph. (Howell, J.) Apr. 12.—Apr. 18.

Assumpsit. Defendant brings error. Affirmed.

*Howell, Carr & Barnard* for appellant.

*Daniel E. Thomas* for appellee.

GRAVES, C. J.   The plaintiff was engaged in Chicago in manufacturing musical instruments, and a man by the name of Brackett was selling for him in the neighborhood of Coldwater.   For some reason Brackett took certain of these instruments out of the possession of individuals who were holding them, and he was arrested for larceny.   He employed Mr. Wilson, a lawyer of Coldwater, to defend him, and he placed $200 in the hands of that gentleman to be pledged as security to the defendant to become bail for him.   The arrangement was made with the defendant.   He became Brackett's bail, and at the same time Mr. Wilson passed the money to him to be held for his security.   At length when Brackett came to be examined he was discharged.   But about that time two garnishee suits were commenced against Macomber to reach and appropriate the fund and credit in his hands, on the claim that it belonged to Brackett, and both cases went to judgment.   Macomber says that he paid the judgments, or at least paid the whole $200 on them.

The plaintiff, insisting that this money belonged to him, and that defendant had notice of it before final judgment was rendered against him as garnishee, proceeded to bring this action to recover it as money held to his use.   The evidence was very decisive that at the time the defendant received the money it was in truth the property of the plaintiff; but whether the defendant was not well entitled to receive and hold it as Brackett's, and on the faith that it was his property, was much contested.   However, the case was not left to rest on that point.   The pivot on which it was made to turn was that the defendant, prior to the time for showing cause, was put upon his guard ; that it was only necessary for him to make a true statement of what he knew to the justice, to protect himself from loss ; and that his neglect could not serve as a reason for visiting the consequences upon an innocent third party.   Such was the view of the circuit judge on consideration of the whole facts, and he ruled that the defendant could not escape paying the plaintiff by setting up a diversion of the money to the pay-

ment of the garnishee claims, when as it fully appeared that diversion was chargeable to his own negligence.

This ruling cannot be questioned, but must be considered accurate. The facts on which it depends are not all returned. One omission is quite conspicuous. The judge laid great stress on a letter to defendant from Mr. Wilson. The original return shows that such a letter was read in evidence, and marked as an exhibit, but it is not found in the record. Other items seem to be missing. The effect is that the charge cannot be deemed erroneous. The rulings in regard to evidence, so far as they are now material, were within the judge's discretion.

The judgment must be affirmed with costs.

The other Justices concurred.