[Civ. No. 690. Third Appellate District.—December 21, 1909.]

HELEN M. FINCH, Respondent, v. PAUL V. FINCH et al., Defendants. WESTERN NATIONAL BANK OF SAN FRANCISCO, Appellant.

EXECUTION OF JUDGMENT—SUPPLEMENTARY PROCEEDINGS—EXAMINA-TION OF GARNISHEE BY ATTACHMENT—DENIAL OF INDEBTEDNESS.— In proceedings supplementary to the execution of a judgment, in an action in which there was a previous garnishment under attachment of a creditor then indebted for money due to the attachment debtor, who failed to respond to the garnishment, the court had jurisdiction in such supplementary proceedings to order the pay-ment of the debt garnished; and the mere denial by the garnishee of the indebtedness, which the other averments and admissions of the parties show to be an erroneous conclusion from the whole transaction, cannot divest the jurisdiction of the court under sec-tion 719 to order payment of the debt due to the judgment debtor.

ID.—PAYMENT TO SHERIFF UNDER GARNISHMENT UPON DIFFERENT EXE-CUTION—FAILURE TO DIRECT PAYMENT UNDER PRIOR ATTACHMENT.— Where the money due from the creditor to the debtor was paid to the sheriff when garnished under a different execution in favor of third persons, and the creditor failed to direct payment under the prior garnishment by the attaching plaintiff for a sum exceeding the amount owed to the debtor, it should be held, notwithstanding such payment, and the denial of indebtedness by the creditor to such attaching plaintiff in the proceedings supplementary to his execution, on account of such payment, that the creditor is in the

same position, so far as the prior garnishee is concerned, as though it had retained the money due, and made no payment to the sheriff.

ID.—EFFECT OF PRIOR GARNISHMENT—SPECIFIC DEBT TO BE PAID TO SHERIFF—CONTINUANCE OF LIABILITY.—The effect of the prior garnishment was to make the creditor of his debtor, liable to the attaching plaintiff, as his debtor, for the amount of such debt, to be applied upon his larger demand, and under section 544 of the Code of Civil Procedure, unless the amount of such debt due to the attaching plaintiff be paid to the sheriff, his liability to the plaintiff for the amount thereof continues until the attachment is discharged, or any judgment recovered by him be satisfied.

ID.—PAYMENT TO SHERIFF MUST BE AS AGENT OF PLAINTIFF.—The payment to the sheriff which is to relieve the garnishee of liability to the plaintiff to the full extent of the credit garnished must be to him as agent of the plaintiff, in pursuance of the service of the garnishment effected by the plaintiff.

ID.—GARNISHEE NOT RELIEVED BY FAILURE TO DISCLOSE DEBT AND PAYMENT UNDER LATER GARNISHMENT.—The garnishee cannot be relieved from liability for the amount of the debt to plaintiff by failure or refusal, in violation of plain duty to disclose the debt due therefrom to the defendant in the attachment suit, and by the continuance to hold the money due without answer until served with another execution in favor of third parties, when the money is paid without suggestion as to the former service or appropriation of payment.

ID.—MISLEADING COURSE—ESTOPPEL.—The law does not permit one in such manner to deceive and mislead another as to liability, and then take refuge under the plea that the other should not have been misled.

ID.—REMISSNESS MISLEADING SHERIFF.—It does not seem just or reasonable, in view of appellant's palpable remissness, that the sheriff should be held liable because he innocently paid money to the wrong party, when the garnishee had refused to make answer to the sheriff under the prior garnishment, thus operating as a fraud upon the respondent, without disclosure of the true facts to the sheriff.

ID.—AFFIDAVIT IN SUPPLEMENTARY PROCEEDINGS—PAYMENT IN COMPLIANCE WITH ATTACHMENT—OPINION OF AFFIANT.—*Held,* that in view of the undisputed facts, an affidavit filed upon the order to show cause in the supplementary proceedings, by the president of the defendant bank, stating that the money had been paid to the sheriff, in compliance with the attachment, could properly be treated as the mere opinion of the affiant, and as such disregarded.

ID.—DENIAL OF INDEBTEDNESS—CONCLUSION OF LAW—ADMITTED FACTS —PROPER ORDER APPEALED FROM.—Under the admitted facts, the

denial by the garnishee of any indebtedness to the attaching creditor, should be treated as of a legal conclusion, and was properly disregarded by the judge in its order in the supplementary proceedings appealed from, requiring appellant, as garnishee, to pay respondent, as attaching and judgment creditor, the amount owed to the attachment debtor at the time of the attachment, to be applied toward satisfaction of such judgment, and such order must be affirmed.

ID.—REMEDIES FOR JUDGMENT CREDITORS AGAINST THIRD PERSONS.— The law provides three remedies in favor of judgment creditors against third persons: 1. By the supplementary proceedings provided for in section 719 of the Code of Civil Procedure, and adopted herein; 2. By a separate action to establish the indebtedness if it be denied, and to recover the debt as authorized by section 720 of the Code of Civil Procedure; and 3. By a proceeding to enforce the statutory liability imposed upon the garnishee by section 544 of the Code of Civil Procedure. · But there is no reason, under the facts here disclosed why the first course should not be pursued, where no useful purpose would be subserved by subjecting the parties to the delay of another proceeding to reach the same just conclusion.

APPEAL from an order of the Superior Court of the City and County of San Francisco in proceedings supplementary to execution.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, and Bronte M. Aikins, for Appellant.

J. L. Smith, for Respondent.

BURNETT, J.—The record discloses evidence of three separate actions, all of which, respondent claims, are material to the controversy.  The first, numbered 12,695, was brought October 29, 1907, by the plaintiff here against the defendant Finch and others for an accounting.  A restraining order was issued and served upon this appellant, on said October 29th, enjoining it from paying out or transferring any money it had on said date to the credit of the defendant, Paul V. Finch, until the further order of the court.

On November 14, 1907, the same plaintiff filed a complaint in case No. 12,845 against the same defendant to secure a judgment for the sum of $5,500 upon a different transaction

and liability. On December 3, 1907, a writ of attachment was issued in this case and appellant was regularly garnished. Appellant failed to furnish the sheriff with a statement of the amount of money due defendant, or any information concerning the same, and appellant was cited on the seventeenth day of December, 1907, to appear for examination, whereupon appellant "made answer to said plaintiff that said Western National Bank had in its possession and under its control the sum of $2,000 in cash, as a commercial account, owned by or due to the defendant, Paul V. Finch, at the time of the service upon the said bank of the said writ and order for examination as aforesaid." Judgment in said cause No. 12,845 was awarded to plaintiff and respondent herein on April 29, 1908. A writ of execution was thereupon issued, but it was returned by the sheriff unsatisfied, appellant answering that the money had been paid to the sheriff on December 26, 1907. On June 9, 1908, respondent procured an order citing the garnishee to appear and be examined concerning the $2,000 which it had admitted, on December 17th preceding, to be due defendant or any other money in its possession belonging to defendant at the time of said garnishment, and to show cause why it should not be required to pay to respondent the said sum of money. Upon the hearing the following additional facts appeared: On the twenty-fourth day of December, 1907, one E. G. Moyes secured judgment against the same defendant, Finch, for the sum of $2,270.98. Execution issued immediately, and on December 26th appellant was served with the writ and paid $2,000 to the sheriff, who returned that he "duly levied on the twenty-sixth day of December, 1907, upon the Western National Bank of San Francisco, all moneys, goods, credits, effects, debts due or owing, or any other personal property in possession or under control of the Western National Bank of San Francisco belonging to the judgment debtor, and on the twenty-sixth day of December, 1907, I received from said judgment debtor, through W. C. Murdoch, Jr., Asst. Cashier of said bank, the sum of $2,000," and this was applied in part satisfaction of said judgment. The writ of attachment in the present suit and the writ of execution in the Moyes case were served by different deputies connected with the sheriff's office, and when the money was paid over

as aforesaid appellant did not inform the deputy sheriff of the prior service.

The appeal is from an order of the court directing appellant to pay to respondent the sum of $2,000 to be applied toward the satisfaction of the judgment in favor of plaintiff.

Respondent summarizes the matter as follows: "Appellant on October 29, 1907, was served with a restraining order, whereby it was enjoined from paying the money to *anyone at all, in one suit;* again on December 3, 1907, appellant was served with a notice of garnishment, and ordered to hold the money *in another suit,* and on December 26, 1907, appellant is served with a writ of execution in a third and separate suit, and appellant, without question, pays the money to the sheriff on this writ *in the third suit,* though the injunction and attachment are still in full force and effect, and now appellant asks the court to sanction gross negligence or willful disregard of the law, and relieve appellant of the direct liability created by statute, in which event either the sheriff or the plaintiff, who are innocent parties, must suffer."

Consideration of the injunction, we think, should be eliminated from this proceeding, as it was issued in an entirely different action, and it has no relevant connection with the order in controversy here.

Appellant contends: "1. That the trial court had no jurisdiction to make the order appealed from; and 2. That conceding the question of jurisdiction for the purpose of the argument and not otherwise, the payment to the sheriff was a complete discharge of all liability on the part of the appellant."

The avowal of the want of jurisdiction is based upon the ground of the denial of the indebtedness at the time of the service of plaintiff's execution, supported by the evidence that the money was paid to the sheriff on said twenty-sixth day of December, 1907. In this behalf it is contended by the learned counsel for appellant that this remedy by proceedings supplementary to execution "to disclose and subject to the satisfaction of the judgment a fund in the hands of the garnishee or any indebtedness owing by the garnishee to the judgment debtor" is limited to cases where "the garnishee in such supplementary proceedings admits the posses-

sion of such fund or the indebtedness claimed to be due from him to such judgment debtor, and that this does not contemplate the litigation of any rights or claims of such garnishee or a personal money judgment against him."

The provisions of the statute directly involved in the solution of the question are sections 719 and 720 of the Code of Civil Procedure. In the former it is provided that "the judge or referee may order any property of the judgment debtor, not exempt from execution in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment; but no such order can be made as to money or property in the hands of any other person or claimed to be due from him to the judgment debtor if such person claims an interest in the property adverse to the judgment debtor or denies the debt." And section 720 provides that where such claim is made or the debt denied, an action may be maintained by the judgment creditor against said third party to recover the property in dispute.

It will not be controverted, we think, that the court below was not bound by appellant's denial of the debt if the undisputed facts showed that the debt really existed at the time of the service of the said writ of execution. The mere denial by the garnishee of the indebtedness which the other averments and admissions of the parties show to be an erroneous conclusion from the whole transaction certainly should not be deemed sufficient to divest the court of jurisdiction to make the order provided for in said section 719.

The question then arises whether the payment of the $2,000 to the sheriff on December 26th discharged the indebtedness and relieved appellant of liability to respondent. In view of the facts, we think it should be held that appellant is in the same position, as far as respondent is concerned, as though it had retained in its possession the said money and had not made any payment to the sheriff.

At the time of the service of the writ of attachment it is admitted that the money was on deposit and that therefore appellant owed defendant Finch the sum of $2,000. What was the effect of the garnishment as to the indebtedness? It was manifestly to make appellant liable to plaintiff for the amount of said debt—in other words, practically to sub-

stitute plaintiff for the creditor. Thereby, appellant having become liable to plaintiff in the amount of $2,000, this relation must have continued unless it was terminated by said payment to the sheriff. Section 544 of the Code of Civil Procedure makes this clear. It provides that "All persons . . . owing any debts to the defendant at the time of service upon them of a copy of the writ and notice as provided in the last two sections shall be . . . unless such debts be paid to the sheriff, liable to the plaintiff for the amount of such debts, until the attachment be discharged or any judgment recovered by him be satisfied." It would hardly seem to require argument that the payment to the sheriff which is to relieve the garnishee of liability to the plaintiff is payment in pursuance of said service; in other words, payment to the sheriff as the agent of the plaintiff. It would probably be immaterial whether the payment was made on the day of the service, as long as it is made for plaintiff. But surely there is no warrant for the interpretation that the garnishee is relieved of his liability when, in violation of his plain duty, he refuses to disclose his indebtedness to the defendant, holds the money in his possession until served with a writ of execution in another case, and then pays the money to the sheriff without any suggestion as to the former service or the appropriation of said payment. Does the law permit one in this manner to deceive and mislead another and then take refuge under the plea that the other should not have been misled? We cannot so understand it. It does not seem just or reasonable, in view of appellant's palpable remissness, that the sheriff should be held liable because, perchance, he innocently paid the money to the wrong party by reason of his confidence in appellant. It is hardly necessary to say that an entirely different case would be presented if appellant had made proper answer to the service of the garnishment or had paid the money to the sheriff before the levy of the execution in the Moyes case, or even then had revealed the true situation. Here, as we view it, appellant cannot be relieved of liability without lending encouragement to fraud. It is not designed by this to assert that the officers of the bank actually intended to deceive or defraud anyone; it is more just to infer that their conduct was the result of misinformation, but it operated as a fraud upon plaintiff.

It is true that on said nineteenth day of June, 1908, at the hearing of said order to show cause, the affidavit of William C. Murdoch, Jr., the cashier of said bank, was received in evidence, in which he declared: "That heretofore, and on or about the twentieth day of December, 1907, and in compliance with a writ of attachment theretofore served by the sheriff of the city and county of San Francisco, upon said bank, at the instance of the plaintiff herein he delivered up to said sheriff the sum of $2,000, being the amount in the possession of said bank on deposit to the credit of the defendant herein at the time of the service of said writ of attachment," but in view of the undisputed facts, we think the recital that the money was delivered in compliance with said writ of attachment could properly be treated as the mere opinion of affiant, and as such disregarded.

Certain authorities are cited bearing more or less upon the propositions to which we have alluded, among which we note the following: Drake on Attachment, section 453, uses this language: "Garnishment is an effectual attachment of the effects of the defendant in the garnishee's hands, differing in no essential respect from attachment by levy, except, as is said, that the plaintiff does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value."

In 20 Cyc., p. 1091, it is said: "Where the garnishee, after proper service of the writ, fails to file an answer within the time prescribed by the statute, or where he fails to make a full disclosure, or files a false or evasive answer, judgment may be rendered against him for the amount claimed in the writ of garnishment."

In *Twelves & Co.* v. *Lodano*, 15 Ala. 732, the case is stated in the syllabus as follows: "An attachment was sued out by T. against F., and L. was garnisheed as a debtor of F. After service of the garnishment, F. obtains judgment against L. for the amount of the debt due from him, in the same court in which the attachment is pending, and execution issuing thereon, L. paid the amount to the sheriff, by whom it was paid to the attorney of F., who pursuant to instructions personally given him by F., paid the money to a third

person; held, that upon this state of facts, the garnishee was liable to the plaintiff in attachment.''

In *Kimball* v. *Macomber*, 50 Mich. 362, [15 N. W. 511], in the discussion, by the supreme court of Michigan, of a somewhat similar situation as to the garnishee, it is said: ''The pivot on which the case was made to turn was that the defendant, prior to the time for showing cause, was put upon his guard; that it was only necessary for him to make a true statement of what he knew to the justice, to protect himself from loss; and that his neglect could not serve as a reason for visiting the consequences upon an innocent third party.''

*Russell* v. *Lamton,* 14 Wis. 219, [80 Am. Dec. 769], is an interesting case as to the liability of the sheriff for the acts of his deputies, and might be relied upon with a good deal of confidence by the defendant in case an action were brought here against the sheriff for the misapplication of the said $2,000.

We cannot see that the cases cited by appellant, in view of their peculiar facts, are opposed to the views herein expressed. There certainly could be no difference of opinion as to the soundness of the principles announced in the case of *Roberts & Co.* v. *Landecker*, 9 Cal. 262, that ''the proceedings by attachment are statutory and special, and must be strictly pursued, . . . and the plaintiff may or may not, at his election, require the garnishee to appear and answer on oath, and his liability will not be affected by the failure of the plaintiff to take such a step.'' In that case the plaintiffs did not seek to enforce any lien upon the property, nor did they seek a discovery of it and the subjection of it to their debt, but the property having been fraudulently disposed of by defendants, the plaintiffs brought the action upon a statutory liability for the value of the goods. This was clearly their right. As stated by the court, ''if it be true, as alleged, that defendant fraudulently disposed of the goods, the plaintiffs could have no object in his examination on oath. They did not want his testimony, and could not expect to obtain any admission against him. The liability of defendant being direct to plaintiffs for the value of the goods, the defendant had no right to give his testimony, un-

less required by the plaintiffs. The law did not require the plaintiffs to do an idle thing.''

*Robinson* v. *Tevis,* 38 Cal. 611, involves the consideration of the attachment of partnership property for the debt of one of the partners, and *Roberts* v. *Landecker,* 9 Cal. 262, was affirmed to the effect that the examination of the garnishee is not compulsory upon the plaintiff in the attachment, and if the garnishee has not voluntarily paid or delivered the property to the sheriff, the plaintiff, after recovering judgment, may sue him and recover the property or its value, to the extent of his judgment, if the garnishee in the meantime has converted it.

*Hartman* v. *Olvera,* 51 Cal. 501, is more directly in point, but in that case there was a positive denial of the indebtedness, and, in the course of the opinion, *Parker* v. *Page,* 38 Cal. 522, is reviewed and it is declared: ''But we held on the peculiar facts of that case, that the answer of the garnishee could not be deemed a denial of her indebtedness to the judgment debtor, and while in some sense a denial in form, was not so in substance, and in fact . . . when the garnishees explicitly denied on their examination their indebtedness to the judgment debtor, neither the referee nor the court had the power to compel them to pay over to the sheriff the amount of the alleged indebtedness.''

Under the admitted facts of this case, however, the denial of the indebtedness, we think, should be treated as a legal conclusion and was properly disregarded by the judge below.

In *Deering* v. *Richardson-Kimball Co.,* 109 Cal. 73, [41 Pac. 801], it was held that ''when a garnishee is subjected to numerous attachments, he is not obliged to pay the money to the defendant until the attachments are discharged, nor to pay it to either of the plaintiffs in the attachment, or to the sheriff for them, until the settlement of their adverse claims by a judicial tribunal.'' In that case there were other persons claiming liens upon the money in the possession of the garnishee, and the question was raised as to the validity of a prior attachment, and the court held that these matters could only be properly determined in a suit where all necessary parties might be brought in and all adverse claims adjudged and conclusively settled, and the garnishee

thereby protected. Here, as we have seen, there is no adverse claimant; the only possible controversy is as to whether appellant or the sheriff should pay the money; it presents simply a question of law, and if the ordinary principles of fair dealing are to be observed, the decision of the point would seem to involve no difficulty.

*Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370, [48 Pac. 332], is in line with the foregoing cases in holding that where notice was served upon the garnishee under an attachment and an execution against the judgment debtor is returned unsatisfied, an action may be maintained by the judgment creditor against said garnishee without requiring him to appear and answer, or without obtaining an order authorizing said action to be brought, as the suit is upon a direct liability of the garnishee provided for by section 544 of the Code of Civil Procedure.

In fact, it seems very clear, as pointed out by appellant, that the law provides three remedies for judgment creditors who seek to recover as against third persons: 1. By the supplementary proceedings provided for in section 719, Code of Civil Procedure, and adopted herein; 2. By a separate action to establish the indebtedness if it be denied and to recover the debt as authorized by section 720, Code of Civil Procedure; and 3. By a proceeding to enforce the statutory liability imposed upon the garnishee by said section 544, Code of Civil Procedure, in case of the conversion by him of the thing attached. But we see no reason why, under the facts here disclosed, the simple and efficacious course pursued by plaintiff and ratified by the judge of the lower court should not be upheld.

After all, the vital question is whether appellant, by said payment under the circumstances detailed, discharged its liability, and as all the evidence showing the foregoing facts was admitted without objection, and the presence of no other party seems necessary for a complete determination of the matter, we see no useful purpose to be subserved by subjecting the parties to the delay and expense of another proceeding to reach the same just conclusion. We think the order should be affirmed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court, on February 17, 1910.

Beatty, C. J., dissented from the order denying a rehearing in the supreme court, and filed the following opinion on the 23d of February, 1910:

BEATTY, C. J.—I dissent from the order denying a rehearing. In response to the rule to show cause the bank by its cashier made return that in compliance with the writ of attachment in plaintiff's action it had paid to the sheriff of San Francisco, December 26, 1907, the whole of the $2,000 belonging to the defendant Paul at the time the garnishment was served. If this was true, it completely exonerated the bank; and, whether it was true or not, was a question for a jury in an action to be brought by the plaintiff, and it could not be determined by the court in this summary proceeding.

Angellotti, J., concurred in the dissenting opinion.