[Civ. No. 1205.  Third Appellate District.—April 13, 1914.]

HELEN M. FINCH, Appellant, v. WESTERN NATIONAL BANK OF SAN FRANCISCO (a Corporation), Respondent.

GARNISHMENT—APPEAL BY GARNISHEE FROM ORDER DIRECTING PAYMENT OF MONEY—RIGHT OF GARNISHER TO RECOVER DAMAGES THEREFOR.—Where a garnishee, instead of complying with an order of court to pay over to the garnisher the amount of the debt, takes an appeal from such order, and, upon the order being affirmed by the court of appeals, unsuccessfully attempts to obtain a rehearing in the supreme court, the garnisher cannot maintain an action against the garnishee for alleged damages due to the appeal.

ID.—DAMAGES FROM APPEAL—DAMNUM ABSQUE INJURIA.—The garnishee, in appealing from the order, merely exercised a right expressly conferred by law, and the loss suffered by the garnisher as a consequence of the appeal comes within the doctrine of *damnum absque injuria.*

ID.—MAXIM—REMEDY FOR EVERY WRONG.—The maxim, "There is no wrong without a remedy," can have no application to any but legal wrongs or those wrongs for which the law authorizes or sanctions redress.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. L. Smith, for Appellant.

Gavin McNab, George W. Mordecai, and Nat Schmulowitz, for Respondent.

HART, J.—This is an action by the plaintiff to recover the total sum of nine thousand five hundred and thirty-three dollars as damages alleged to have been suffered by her through certain acts of the defendant growing out of its alleged wrongful failure to turn over to her, or to the sheriff for her, a certain sum of money which was on deposit with it in the name of and as belonging to one Paul V. Finch and which had been garnished in the hands of the defendant in an action in which said Helen M. Finch, as the plaintiff, sought to recover and finally did recover from the said Paul V. Finch, as the defendant therein, a judgment for the sum of five thousand five hundred dollars.

Judgment passed in favor of the defendant, and this appeal is from said judgment on the judgment-roll alone.

It appears that the above mentioned action by Helen M. Finch against Paul V. Finch was begun in the superior court in and for the city and county of San Francisco, on the fourteenth day of November, 1907. On December 3, 1907, a writ of attachment was duly issued in said action and the defendant here (the Western National Bank) was garnished, the writ having been served by the sheriff. At the time of the service of the writ of attachment or garnishment on the bank, the latter failed to provide the sheriff with a memorandum or statement of the amount of any money held, or the nature or extent of any debt owed by it to said Paul V. Finch, and at no time did it furnish that officer with any such memorandum or statement; wherefore the bank was, on the seventeenth day of December, 1907, cited to appear before the court, to be examined on oath respecting any debt owed by it or any credits or other personal property in its possession or under its control belonging to the said Paul V. Finch. In response to said citation, the bank appeared before the court at the time appointed and declared and admitted that, at the time of the service of the writ of garnishment, it had in its possession and under its control the sum of two thousand

dollars as a commercial account owned by or due to the said Paul V. Finch.

Helen M. Finch, on the twenty-ninth day of April, 1908, recovered a judgment against Paul V. Finch in said action, and thereupon a writ of execution was issued and served upon the bank, but the writ was returned unsatisfied, the answer of the bank thereto being that the money belonging to Paul V. Finch which it had had in its possession and under its control had been paid to the sheriff on the twenty-sixth day of December, 1907. Thereafter Helen M. Finch instituted proceedings under the authority of sections 717 and 719 of the Code of Civil Procedure, designated and known as "proceedings supplementary to execution," requiring the bank to appear before the court at a certain specified time and answer concerning the money belonging to Paul V. Finch which was in its possession and under its control at the time of the service of the writ of attachment. In this latter proceeding these facts were developed: That, on the twenty-fourth day of December, 1907, one E. C. Moyes secured a judgment against said Paul V. Finch for a sum in excess of two thousand dollars. Immediately upon the entry of the judgment in the last mentioned action, execution issued, and, on the twenty-sixth day of December, 1907, the bank was served with said writ. Thereupon the bank paid to the sheriff the sum of two thousand dollars belonging to Paul V. Finch then in its possession, and the sheriff in his return of the writ acknowledged said payment.

Upon hearing the evidence thus adduced the court made and caused to be entered an order directing the bank to pay to the said Helen M. Finch the sum of two thousand dollars referred to. From this order the bank appealed, and this court, to which the appeal was transferred for decision, affirmed the order. (*Finch* v. *Finch*, 12 Cal. App. 274, [107 Pac. 594].) Thereafter, and within due time, the bank petitioned the supreme court for a hearing of the appeal after decision by this court. The petition was denied, Chief Justice Beatty and Justice Angellotti dissenting from the order denying a hearing of the cause by the supreme court.

After the judgment of this court became final in said case of *Finch* v. *Finch*, a demand was made upon the bank for the payment of said sum of two thousand dollars toward the satis-

faction of the judgment in favor of the plaintiff in said case, and the bank thereupon paid to said Helen M. Finch, and the latter accepted from the bank, on the twenty-ninth day of March, 1910, the said sum of two thousand dollars, in accordance with the order as made by the superior court and affirmed by the appellate court.

Although the record does not disclose all the facts embraced in the foregoing statement, it is conceded by counsel on both sides in their briefs that it contains a faithful narrative of the history of the several transactions finally leading to the controversy involved in the present action.

The complaint in this action alleges that, by reason of the acts of the defendant in failing to pay over said money when ordered to do so by the superior court and in taking the appeal from said order and, after judgment against it was rendered by this court, petitioning the supreme court for a further hearing of said appeal, she was "put to unnecessary expense and was obliged to and did actually expend, for the purpose of enforcing said order of said superior court, . . . the sum of one thousand dollars, as counsel fee, and for costs and expenses of said proceedings of said defendant, all of which money was necessary for plaintiff to expend in order to enforce said order requiring said bank to pay to plaintiff said sum of money, and that had it not been for said defendant refusing to pay said order and taking said appeals and other proceedings hereinbefore mentioned, plaintiff would not have been required to have expended said sum of money, and that said plaintiff has been deprived of the use of the said sum of money since the 1st day of May, 1908." The plaintiff further alleges, on information and belief, that the "defendant's refusal to pay to the sheriff, on said 1st day of May, 1908, said sum of two thousand dollars, and said denial of said defendant's liability to said plaintiff for said sum of money, was not made in good faith, but with full knowledge of defendant's liability, and said appeals and petitions thereafter taken in said cause by said défendant were not taken in good faith, but for the purpose of wrongfully delaying and harassing plaintiff until plaintiff abandoned said proceedings on account of the trouble involved, and the time consumed, and the expense entailed in contesting same, and plaintiff further alleges that plaintiff was in consequence put to unnecessary

expense and trouble and annoyance in connection with said proceedings in contesting said proceedings as aforesaid.''

The foregoing averments, which constitute the gist of the plaintiff's cause of action, were denied by the answer.

The court's findings, given in substance, are as follows: That, by reason of the appeal and other proceedings incidental thereto which the bank took from the order of the superior court requiring it to pay over the sum of two thousand dollars to Helen M. Finch, as the plaintiff and judgment creditor in the case against Paul V. Finch, she (the plaintiff) was compelled to and did in fact expend the sum of one thousand dollars as counsel fees, costs, and expenses, and that by reason of said appeal, etc., she was deprived of the use of said sum of money from the first day of May 1908, up to the twenty-ninth day of March, 1910; that plaintiff had been ''damaged in the sum of $1,000.00, with interest thereon at the rate of 7 per cent per annum from the 29th day of April, 1910, the day on which plaintiff was compelled to pay said sum of $1,000.00 for said counsel fee, costs and expenses, and in the further sum of 7 per cent interest on the sum of $2,000.00, from the first day of May, 1908 the date when said money was demanded from said defendant by the sheriff on execution, until the 29th day of April (March?), 1910, the date when plaintiff (defendant?) paid said order.'' The court further found that the damages complained of in the complaint as occasioned by the acts of the defendant are governed by section 544 of the Code of Civil Procedure; that the refusal by the bank to pay the sum of two thousand dollars to the sheriff on the first day of May, 1908, and the denial of its liability for said sum was made in good faith; that the appeal to the appellate court, and the petition for a hearing of said appeal by the supreme court after decision of the same by the former court were taken and filed in good faith for the purpose of protecting what the defendant believed in good faith to be its legal rights, and not for the purpose of wrongfully so delaying and harassing plaintiff as to lead the latter, by reason of the trouble involved, the time consumed, and the expense entailed in contesting said proceedings, to abandon the same and cease further to contest them.

From the facts thus found, the court concluded that the plaintiff was not as a matter of law, entitled to a judgment.

Manifestly the action here is one for the recovery of damages for injury alleged to have been wrongfully inflicted upon the plaintiff by the defendant. It is no different, in principle, from any other action sounding in tort, and if, therefore, by the acts of the defendant, as charged in the complaint, the plaintiff suffered an injury cognizable in law, she would be entitled at least to such actual damages as would justly compensate her for the loss thus sustained. And, in estimating the damage, it would be proper to consider all the elements entering into or constituting the aggregate damage so suffered which may be allowed within the limits of the averments of her complaint or the fair and reasonable and legal import thereof. This would include any actual expense to which she might have necessarily or legitimately been put by reason of the acts of the defendant as charged in the complaint. It follows, then, that the court's finding, which, in truth, is a conclusion of law, that the "said damages complained of in plaintiff's complaint as occasioned by said defendant's acts as aforesaid, are governed by the provisions of section 544 of the Code of Civil Procedure limiting the defendant's liability to the amount of all credits, property or debts in defendant's hands at the time the notice of garnishment hereinbefore mentioned was served on defendant," is erroneous. That section, referring to the case where any credits or other personal property belonging to the defendant are garnished or attached while in the possession and control of a third party (Code of Civil Procedure, secs. 542a and 543) provides: "All persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of the service upon them of a copy of the writ and notice, as provided in the last two sections, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged, or any judgment recovered by him be satisfied." The obvious purpose of said section is to preserve the integrity of the lien of the attachment or garnishment in such cases, and thus render efficacious, to the extent of the value of the credits or other personal property attached, any judgment which the plaintiff may secure against the defendant. Clearly, for an ob-

vious reason, the liability of the garnishee as such must, as the code section directs, and could justly only direct, be measured and limited by the amount of the credits or property or debts which have been subjected to the lien of the garnishment or attachment.    And, manifestly, if the proceedings here were merely for the enforcement of such liability, as was the case in *Finch* v. *Finch* and the *Western National Bank,* the plaintiff would be entitled to recover from the defendant nothing beyond or in excess of the amount of credits or property or debts upon which the attachment was levied.    But, as is plainly true, this action, while growing out of the proceedings authorized to be taken (Code Civ. Proc., secs. 718 and 719), for the purpose, among others, of enforcing, where they have been invoked, the provisions of section 544 of said code, is not based upon said section nor upon the proceedings inaugurated in the case of *Finch* v. *Finch,* for its enforcement. The action is, as before stated, founded upon the alleged wrongful act of the defendant in delaying, to the alleged damage of the plaintiff, compliance with the order requiring it to turn over to the sheriff the money belonging to Paul V. Finch in its possession and under its control at the time of the service of the writ of garnishment, and the purpose of the action is not, nor would the effect of a judgment obtained by the, plaintiff therein be, to extend the liability of the bank as a garnishee but to compel it to compensate the plaintiff for the alleged damage suffered by her from the injury which she alleges was thus wrongfully inflicted upon her.    Indeed, as an essential part or element of the cause of action attempted to be stated in the complaint, it is therein alleged that the liability of the defendant as a garnishee in *Finch* v. *Finch,* 12 Cal. App. 274, [107 Pac. 594], had been conclusively adjudicated by the courts and discharged by the defendant, by the payment by the latter to the sheriff of the money garnished in satisfaction of the execution, before this action was instituted.

But the judgment must nevertheless be affirmed for a rea-son to which attention will now be given.

It is frankly confessed that it is difficult to apprehend how an action of this sort may be held to be maintainable under any circumstances.    Indeed, we do not think such an action can be maintained.    The rule is that any party aggrieved by

a judgment may appeal (Code Civ. Proc., sec. 938), and "a party aggrieved" is one against whom a judgment has been given. (Hayne on New Trial and Appeal, revised edition, p. 1064.) Thus it appears that the defendant, in appealing from the order requiring it to pay over the money in satisfaction of the plaintiff's judgment, merely exercised a right expressly conferred upon it by law. And, of course, the same is true with respect to its effort to secure a hearing of the appeal in the supreme court after the judgment by the district court of appeal. This right it was entitled to exercise whether there proved to be merit in the appeal or not. Moreover, it had the right to challenge by appeal the propriety of the remedy invoked by the plaintiff for the purpose of obtaining the order from the superior court compelling it to pay the money, as well as to contest the right of the plaintiff to require it in any event to pay over said money in satisfaction of the judgment she had obtained against Paul V. Finch. The loss, then, suffered by the plaintiff as a consequence of the act of the defendant in prosecuting the appeal and thus delaying the payment of the money to which she was entitled (and, undoubtedly, she suffered a wrong thereby), is not a legal wrong or one of which the law will take cognizance. The loss she suffered is, in other words, of that class of losses or wrongs which comes within the doctrine of *damnum absque injuria*, and no action will lie for it. (8 Am. & Eng. Ency. of Law, p. 677.) The wholesome maxim of jurisprudence, invoked here by the plaintiff, "there is no wrong without a remedy," (Civ. Code, sec. 2533), can obviously have no application to any but legal wrongs or those wrongs for which the law authorizes or sanctions redress.

There are some other propositions discussed in the briefs which it is conceived possess no force either in the support of or against the conclusion to which we have here been persuaded.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.