[Civ. No. 12429. Second Appellate District, Division Two.—June 28, 1940.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. ELWOOD RIGGS, Defendant; RIGGS INVESTMENT COMPANY (a Corporation), Respondent.

[Civ. No. 12430. Second Appellate District, Division Two.—June 28, 1940.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. W. R. WHEAT et al., Defendants; RIGGS INVESTMENT COMPANY (a Corporation), Respondent.

680

Louis Ferrari, Edmund Nelson and John E. Walter for Appellant.

Victor Ford Collins for Respondent.

MOORE, P. J.—From two judgments rendered by the trial court upon petitions for determination of title after the fil-

ing of third party claims, plaintiff bank appeals on the ground that the court was without jurisdiction to try title to property held under garnishment.

On January 4, 1934, plaintiff obtained judgment against one Elwood Riggs in the sum of $6,239 and thereafter, in a separate action on April 16, 1935, obtained judgment against Wheat, Strong and Riggs, for $5,982. On January 10, 1939, plaintiff caused an execution to issue upon the Wheat judgment and a levy to be made upon certain property of Riggs described below. On January 18, 1939, it brought an action to renew said judgment against said Riggs and caused an attachment to be levied by the sheriff of Los Angeles County against Grether and Grether, Inc., as to all of its corporate stock belonging to said Elwood Riggs and all right, title and interest of said Riggs in and to the account of Riggs Investment Company, a corporation, hereinafter referred to as "claimant". The garnishee answered to both levies that it was indebted to the claimant in the sum of $1689.91 and was also holding on its books 393 shares of its corporate stock standing in the name of said claimant. Thereafter claimant filed its third party claims with said sheriff in *both cases*. By its claim in the Wheat case dated March 20, 1939, it asserted title to and ownership of said corporate shares and the credit levied upon "by reason of its ownership of the building at said location and a lease thereof dated January 4, 1924, to Grether and Grether, Inc." etc., wherein the Riggs Investment Company is the lessor and Grether and Grether, Inc., is the lessee. Again, on the 8th day of May, 1939, it filed its second third party claim in the Riggs case and advised the sheriff that the title to said money and corporate stock levied on and in the hands of said garnishee was vested in claimant. In its claim filed March 20, 1939, in the Wheat case the claimant stated "this claim is made to secure the release of said funds from said writ of execution". In its third party claim filed on May 8, 1939, it stated "this claim is made to secure the release of said funds from said attachment". Thereafter on the 16th day of May, 1939, claimant filed its petitions for hearing to determine title. Trials followed and as a result thereof, judgments were entered June 26, 1939, in both cases whereby it was decreed that claimant was the owner of and entitled to the possession of said moneys and stock in the custody of said garnishee and directed said

sheriff to release said property from attachment, and the said sheriff and the garnishee were ordered and directed to pay over and deliver to said claimant said money and stock.

The contention of plaintiff is that, under section 689 of the Code of Civil Procedure, neither corporate stock standing in the name of a third party claimant on the books of the garnishee nor an indebtedness due by a garnishee to a third party claimant is to be the subject of a trial of the title or right of possession of such corporate stock or of such indebtedness owing by the garnishee. Said section is a part of chapter I on "Execution" which is a part of title IX dealing with "Execution of Judgment in Civil Actions", which chapter in turn comes under part II, or "Civil Actions". Title VII of said part II deals with "Provisional Remedies in Civil Actions". It will be borne in mind that one levy herein was made under a writ of attachment provided for in section 542 (of title VII) which provides for the manner of attaching (1) real property; (2) growing crops; (3) personal property capable of manual delivery, herein referred to as "movables"; (4) corporate shares, by leaving with an officer or "managing agent of the corporation" a copy of the writ and a notice stating that "the stock or interest of the defendant is attached in pursuance to such writ"; (5) debts and credits and other personal property not capable of manual delivery by leaving with the debtor or custodian "a copy of the writ and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession or under his control belonging to the defendant, are attached in pursuance to such writ".

While said section 689 is a part of the title relating to the execution of judgments, yet by section 549 of the same code, the provisions of section 689 apply to levies under writs of attachment. Under said section 542 the officer is not required to take possession of corporate shares or money owing to the defendant. In making such attachment his function is to serve the writ by delivering a copy thereof together with notice to the debtor that the money the debtor owes defendant is attached, or, in the case of attaching corporate shares, to deliver such copy together with notice to an officer of the corporate garnishee that the shares described in said notice are attached. In neither case does he take anything into his possession. His duty is done upon the service of

the writ of attachment in the manner prescribed by said section 542. In either case, his obligation is identical with that in the situation where he attaches real property. In making a levy upon realty, the sheriff merely files with the county recorder a copy of the writ together with the description of the property attached and serves a copy upon the occupant. Such lien arises promptly upon the service of the writ by virtue of the provisions of sections 542 to 545 of the Code of Civil Procedure and the decisions explanatory thereof. That a third party claimant, where his land is attached, cannot clear his title of the attachment lien by the proceeding outlined in said section 689, has been definitely settled in the case of *First Nat. Bank* v. *Kinslow,* 8 Cal. (2d) 339 [65 Pac. (2d) 796], where said section appears in full. The history of said section is there elaborately reviewed and painstakingly treated. From such review, it is developed that the main purpose of the original section as contained in the Practice Act was to give protection to the officer who makes the levy against claims for damages by third parties. Clearly, no damage can be shown as against the sheriff unless it be in those cases where he seizes and detains physical custody of movables held by him under levy. ██ In levying a garnishment, the damage or inconvenience caused the owner or claimant is due to the operation of law and not to any molestation of the property by the levying officer. He neither takes, keeps nor holds corporate stock after the levy. It is the design of the law, by his service of the writ in attaching land or in garnishing corporate shares or credits, to effectuate a lien that will be security for plaintiff's judgment. While in the attachment of movables, his lien is dependent upon his possession in the attachment of land, corporate shares or credits, he has nothing to do with the possession of the property. But in attaching such properties, plaintiff's lien becomes effective immediately and continues until the writ is discharged or until the property affected thereby is sold under execution.

"The right to the possession of the property levied upon at the time of the levy is therefore the only question put in issue by the filing of the third party claim." (*First Nat. Bank* v. *Kinslow, supra,* p. 344.) It is there demonstrated that the possession of an occupant of realty is not disturbed by the levy of an execution; that such question does not arise

until a year after the sale under execution. But pending a dismissal or discharge of the writ, before or after the final determination of the cause in which it was issued, the lien subsists solely by reason of law. The subsistence of such lien upon land, credits or corporate shares does not affect the owner's possession. That right is affected only in those cases where, by statute, the officer's possession is requisite to the lien's existence.

■ We now turn to a consideration of that part of the judgments ordering the delivery of the money held by the garnishee for the credit of the claimant. The right of the claimant to the possession of the moneys held by the garnishee is identical with its right to the possession of said corporate shares. The sheriff was not required to take manual possession of the money owing by the garnishee to the claimant. He merely served a copy of the writ and a notice of the attachment of the moneys owing by the garnishee to the claimant, and directed the garnishee to conduct itself in accordance with the provisions of the statutes in such cases. This act of the sheriff, likewise, by operation of law, effected a lien upon the moneys owing from the garnishee to the claimant.

The right of a third party claimant to try the title to an indebtedness due by a garnishee to such third party claimant received the studied consideration of the appellate department of the superior court in the case of *Sunset Realty Co. v. Dadmun,* 34 Cal. App. (2d) (Supp.) 733 [88 Pac. (2d) 947]. Said opinion reviews the several code sections and the cases explanatory thereof. From a thorough review of the authorities, it is there made clear that *when a debt is garnished, the right to collect it is vested thereafter solely in the judgment creditor* (Sec. 544, Code Civ. Proc.), and when collected it is credited directly on the judgment. Inasmuch as the sheriff did not gain possession of the moneys owing, they remained in the same custody where they rested prior to the levies. To remove them an entirely new action was requisite.

■ We therefore conclude that there is no authorization in said section 689 for the trial of a third party claim where a writ of attachment or execution has been levied either upon corporate stock or upon an indebtedness owing by a garnishee.

For the reasons herein stated, the judgments are reversed with instructions to dismiss both proceedings.

Wood, J., and McComb, J., concurred.