**CONSTRUCTORA, S. A. v. SHEPHERD et al.**

No. 12890.

United States District Court
S. D. California, C. D.
June 5, 1953.

Nunc pro tunc Sept. 19, 1952.

Newman & Newman and Joseph Galea, Los Angeles, Cal., for plaintiff.

William K. Young, Los Angeles, Cal., for defendants.

JAMES M. CARTER, District Judge.

This opinion concerns the scope of Sec. 689, Code of Civil Procedure of the State of California, and the question of the jurisdiction of the Superior court to try title to personal property capable of manual delivery which has been garnisheed and attached in the hands of third parties. Jurisdiction of this court is based on diversity of citizenship, and a claim that the amount of the controversy exceeds $3000.

## I

### Statement of Facts

This is an action in trespass to personal property, brought by Constructora, S.A., a Mexican corporation, hereinafter referred to as "Constructora" against W. W. Shepherd and Norma D. Shepherd, co-partners, doing business as Shepherd Tractor & Equipment Co., hereinafter referred to as "Shepherd", arising out of the wrongful garnishment of personal property.

On February 25, 1949, Shepherd filed an action against one, Julio A. Villasenor, hereinafter referred to as "Villasenor" in the Superior Court, County of Los Angeles, State of California, to recover on a promissory note, case No. 556290. On the same day Shepherd directed the Sheriff to garnishee a certain motor grader in the possession of Belyea Trucking Company, hereinafter referred to as "Belyea."

On February 26, 1949, the Sheriff garnisheed the motor grader and made his return on March 17, 1949. On May 9, 1949, Constructora filed a third party claim with the Sheriff, stating that it had purchased the motor grader on June 10, 1948 from Villasenor and that it was being held by Belyca pending shipment · to Mexico. This third-party claim was filed pursuant to Sec. 689, C.C.P. On May 10, the Sheriff notified Shepherd of the third-party claim and on that day Shepherd refused to put up the bond required by Sec. 689, C.C.P. and petitioned the Superior Court for a temporary restraining order pending the determination of the title to the motor grader. Pursuant to the petition for a temporary restraining order the Superior court on that day granted same and prohibited Constructora, its agents and/or defendant from transferring, encumbering or making any other disposition of the motor grader or from removing the same from its present location. The matter was set for trial in the Superior Court on June 3, 1949. On August 17, 1949, a judgment was entered declaring title to the motor grader to be in Constructora and ordering the release of same to Constructora.

On February 20, 1951, Constructora filed the present action against Shepherd for trespass to personal property.

In the trial brief filed by defendants many issues are raised, the primary issue being whether or not there was a valid levy of a writ of attachment on the motor grader. Defendant contends that (1) there was no valid levy of writ of attachment on the motor grader, and (2) that since no valid levy existed, the plaintiff, Constructora, could not try title under Sec. 689, C.C.P. and therefore the Superior court had no jurisdiction to make its determination under that section. The answer to this contention involves an analysis of the Code sections relating to attachments as provided by the Code of Civil Procedure of the State of California, and a determination of the legal rights of an innocent third party whose property has been attached or garnisheed, pursuant to those sections.

## II

### Statutory Provisions Regarding Attachment Procedures.

The California Code of Civil Procedure provides by sections 537 to 561 the manner in which various types of property may be attached. Sec. 539a, C.C.P. provides for *attachment* of a bank account or property in a safe deposit vault, not standing in the name of the defendant or in the name of a defendant and other persons. In speaking of the manner in which this is to be done, the section provides that the provisions of this section and of section 539 [requiring a bond] shall be complied with, otherwise the "levy" shall not be effectual for any purpose and shall be disregarded. It is important to note here that the Code speaks of the "attachment" and "levy", even though the proceeding is a *garnishment* proceeding as to the persons other than the defendants.

Sec. 542, C.C.P. deals with the manner in which both real and personal property may be attached, but contains no provision regarding movable personal property which is in the hands of a third person. Subdivision 3 of this section relied upon by defendants to support their contention that before a valid attachment can result, the Sheriff must take actual physical possession of the property, pertains to personal property capable of manual delivery *in the possession of the defendant*. This section obviously can have no application to the facts before the court, since the personal property involved, i. e., the motor grader, was not in the hands of Villasenor, the defendant in the Superior court action, but was in the hands of Belyea. Therefore it appears clear that the Sheriff had no authority, pursuant to this section to take actual physical custody of the motor grader.

We consider next Sec. 543, C.C.P., referring to personal property in the hands of a third person. It provides as follows:

"§ 543. (Garnishment). Upon receiving information in writing from the plaintiff or his attorney, that any person has in his possession, or under his control, any credits or other personal property belonging to the defendant, or owes any debt to the defendant, the sheriff, constable, or marshal must serve upon such person a copy of the writ, and a notice that such credits, or other property or debts, as the case may be, *are attached* in pursuance of such writ. (Enacted 1872; Am.Stats. 1933, p. 1863.)" [Emphasis ours.]

Sec. 549, C.C.P. then provides that:

"In cases where a third person claims, as his property, any personal property attached, the rules and proceedings applicable in cases of third party claims after levy under execution shall apply", referring us to Sec. 689 C.C.P.

From the above the court concludes:

1. That a garnishment is an attachment[1] even though personal property capable of manual delivery is not taken into the possession of the Sheriff, and

2. That the levy of a garnishment is made by serving on the person having possession of the personal property a copy of the writ and a notice that the property is under attachment. No other method of attaching property in the hands of a third person is prescribed by the Codes.

## III

### Analysis of the Cases Holding That No Action Can be Brought Under Sec. 689, C.C.P.

 The question then arises—may a third-party claimant whose tangible personal property has been attached by way of garnishment, bring an action to determine title pursuant to Sec. 689, C.C.P.? Defendant contends that under the case law interpreting the section, no such action can be maintained; citing:—

First National Bank v. Kinslow, 8 Cal.2d 339, 65 P.2d 796; Bank of America Nat. Trust & Savings Ass'n v. Riggs, 39 Cal. App.2d 679, 104 P.2d 125; Partch v. Adams, 55 Cal.App.2d 1, 130 P.2d 244;

---

1. Steineck v. Haas-Baruch Co., 106 Cal.App. 228–231, 288 P. 1104; Finch v. Finch, 12 Cal.App. 274, 107 P. 594, 598.

Sunset Realty Co. v. Dadmun, 34 Cal.App. 2d Supp. 733, 88 P.2d 947 [2].

With this contention the court does not agree, since the cases cited are distinguishable from the facts of the present case.

It would be an easy answer to point out that the cases cited above, (except the Kinslow case) holding no jurisdiction in the Superior court under Sec. 689, C.C.P. are all cases involving levies on debts or corporate stock; and in no case was there any interference with the *possession* of the debt or the stock interest brought about by the levy; and that therefore these cases are distinguishable from the case at bar, in that here there was an interference with the possession of the grader.

Sec. 544, C.C.P. makes the garnishee liable to the plaintiff during the life of the attachment unless he ·complies with the garnishment notice. Obviously, Belyea would not therefore turn the grader over to Constructora. Whether the garnishment created a lien on defendant's title to the property in the hands of the garnishee, may be in doubt. Sec. 542b, C.C.P. is indicative of a lien of some sort for the duration of the attachment. However, Sec. 542b, C.C.P. does not use the word "lien", while Sec. 542, C.C.P. relating to real estate, expressly refers to a lien. There is authority indicating that a lien of some sort is created by a garnishment. 15 Cal.Jur. p. 1044, Levy and Seizure, § 50; Kimball v. Richardson-Kimball Co., 111 Cal. 386, at page 393, 43 P. 1111. Puissegur v. Yarbrough, 29 Cal.2d 409 at page 412, 175 P.2d 830.[3] It would appear that in addition to the personal liability of the garnishee under Sec. 544, C.C.P. there is in substance, a lien created by Sec. 542b, C.C.P., which would further interfere with Constructora's right to possession of its grader.

But because of the general language used in the cases relied upon by the defendant, it is necessary to consider the problem further.

We start with Sec. 689, C.C.P. In part it reads, "If personal property levied on is claimed by a third person as his property by a written claim * * * setting out the reasonable value thereof, his title and right to the possession thereof * * *."

The third party claimant, to invoke Sec. 689, C.C.P. must allege his right to the possession of the "res" levied upon. In the case of *stocks* the levy is made under Sec. 542(4), C.C.P. and it consists of leaving with a designated officer of the corporation, a copy of the writ and a notice that the stock is attached in pursuance of said writ. The tangible shares if issued, are not molested. The writ operates against the issuing agency. What is attached is the stock interest in the corporation, which is intangible. Thus, technically, the third party claimant cannot satisfy Sec. 689, C.C.P. and allege his *right to possession of this intangible interest*. The decisions in the above cases logically follow.

In the case of a *debt* or *credit* the levy is made under Sec. 542(6), C.C.P. The subdivision describes how, "Debts and credits and other personal property, *not capable of manual delivery*" are attached, viz, "by leaving with the persons owing such debts, or having in his possession, or under his control, such credits and other personal property [not capable of manual delivery]" a copy of the writ, a notice, and in certain cases, a copy of the complaint.

The person entitled to the debt or credit is not entitled to the *possession* thereof. He has a right to the debt or credit, or more properly, the money represented thereby. Nor could he ever have possession

---

2. Ballagh v. Williams, 1942, 50 Cal.App.2d 303, 122 P.2d 919, to the same effect (corporate stock).

3. But see 13 Cal.Jur. 3; Garnishment, § 2, which states that "the plaintiff does not acquire a clear and full lien upon the specific property in the garnishee's possession * * *." quoting Finch v. Finch, 12 Cal.App. 274 at page 281, 107 P. 594. In Finch v. Western National Bank, 24

Cal.App. 331, 336, 141 P. 261, 263, the court in referring to Sec. 544, C.C.P. states: "The obvious purpose of said section is to preserve the integrity of the lien of the attachment or garnishment in such cases and thus render efficacious * * * any judgment which the plaintiff may secure against the defendant. * * *" See also Steineck v. Haas-Baruch Co., 106 Cal.App. 228 at page 231, 288 P. 1104, quoting from Finch v. Finch, supra.

of the debt or credit. Once it was paid it would no longer be a *debt* or a *credit*. In addition Sec. 542(6), C.C.P. would apply to debts and credits not due as well as to those that were already due. As to those not due, the third party claimant would not even be entitled to the immediate payment of the money.

Thus, the third party claimant could not satisfy Sec. 689, C.C.P. and allege his right to *possession of the debt or credit*. The decisions in the above cases logically follow.

We turn to First National Bank v. Kinslow, supra, the first case decided by the California courts holding that a third party claimant could not bring an action under Sec. 689, C.C.P. There the First National Bank obtained a judgment against Lenora Kinslow and directed the Sheriff to execute on certain *real property*. Walter T. and Henry M. Kinslow then filed a third-party claim pursuant to Sec. 689, C.C.P. claiming that the property belonged to them. At the time the action was filed, Sec. 689, C.C.P. was substantially different. The wording of the section as of that date is set forth in the margin.[4]

The notable differences between the section as it read at the time of the Kinslow case and as it now reads are:

1. It then referred to property; it now refers only to personal property, and

2. It then could be used to determine only the right to possession of the property, whereas now it can be used to determine the reasonable value of the property, the claimant's title to the property and his right to possession of the property.

The reasons given by the Supreme Court in the Kinslow case for holding that Sec. 689, C.C.P. did not apply to real property, were as follows:

1. The court said that the only issue to be determined was the right to possession;

that since the property involved was real property, all that occurs at the time of the execution is the granting of a lien on the property and possession is not disturbed.

2. The court held that even though the execution referred to property without differentiating between real or personal property, because of the subsequent language found in the section, it concluded that the legislature only intended it to apply to personal property. It can readily be seen that the Kinslow case is not authority for the contention of defendants here, since (1) the case applied to real property and (2) since Sec. 689, C.C.P. as it then read applied only to possession whereas it was subsequently amended to try title as well as possession.

Certain of the California cases have followed the Kinslow case without analysing the distinction between the statute as it existed at the time of the Kinslow case and as it presently exists. They conclude that the only time Sec. 689, C.C.P. is applicable is when a Sheriff takes actual physical possession of the property. The reason given for this conclusion is that one of the primary purposes of Sec. 689, C.C.P. was to protect the Sheriff from liability, and since no protection is needed by the Sheriff on a garnishment, then Sec. 689, C.C.P. is not applicable.

This reasoning however, completely disregards the mandate of the statute and completely overlooks the amendments made to Sec. 689, C.C.P. and the purpose of those amendments. As it now reads, Sec. 689, C.C.P. is intended to provide a quick and efficient procedure for trying title to personal property, to prevent unnecessary delay and hardship to innocent third parties whose property has been levied upon either by way of attachment, garnishment or execution. With this object and purpose in mind the legislature in amending

---

4. Sec. 689, C.C.P. "Third party claims. Undertaking. If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the officer making the levy, such officer must release the property if the plaintiff, or the person in whose favor the writ of execution runs, fails within five days after written demand, to give such officer an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on. * * *" Stats. 1933, p. 1887.

Sec. 689, C.C.P. intended to protect not only the Sheriff from liability but also to provide and protect innocent third parties by giving them a quick and effectual remedy to clear title and to regain possession of their property.

In the Dadmun case, supra, the Appellate department of the Superior court recognized the changes made by the amendments to Sec. 689, C.C.P. and discussed them in detail. The court held that under the language of Sec. 689, C.C.P. this section had no application to the garnishment of a "debt." The court said, 34 Cal.App. 2d Supp. at page 741, 88 P.2d at page 951:

"It is difficult to see how any one of these three matters (possession, title and value) becomes of moment in the situation created by the mere garnishment of a debt. Certainly the right to its possession is no more involved than is the right to the possession of real estate involved when a levy is made upon it, that is to say, not at all. * * Perhaps it would be begging the question we are discussing to say that the reasonable value of, and title to, the debt are not brought into question. In any event, the contents required to be set forth in the claim which has to be filed with the levying officer are all matters which are of no interest to him where the only effect of his levy is to garnishee a debt."

The court in Sunset Realty Co. v. Dadmun, supra, limited its decision to apply only to a levy on a debt.

▮ We have been unable to find any case in which a third party claimant in the situation of the plaintiff herein, where the possession of his chattels has been interfered with, has been denied the right to pursue his third party claim under Sec. 689, C.C.P. nor do we find any case which specifically considers the problem. The analogy to the cases involving debts and corporate stock is not sound since the third party claimant cannot, in debt and stock situations, assert a right to possession. Here the third party claimant, had a right to the possession of the grader and that possession was interfered with by the levy and the lien thereby created, which

prevented it from obtaining or using its property.

The court concludes that Sec. 689, C.C.P. provided a proper method under the present set of facts, to determine the issue of title, right to possession and value of the motor grader, and that the Superior court had jurisdiction to determine such issues. Hence the judgment roll in the Superior court action was properly before this court and the decision of the Superior court in favor of the third party claimant, becomes the basis for plaintiff's recovery in this action.