## FORE *et al.* v. MANLOVE, Sheriff.

THE purchaser of a judgment on sale under execution and levy, takes as assignee only—assuming that a judgment is the subject of levy and sale. The Sheriff's sale of a judgment passes no title other than would pass by an assignment by the owner.

A judgment is not negotiable like a bill of exchange by the law merchant, but is a mere *chose in action,* vesting an equitable right in the assignee thereof to the proceeds of it, with the right to the usual and legal means of collecting the amount due ; and between two *bona fide* purchasers of a judgment, the purchaser first in time is prior in right.

APPEAL from the Sixth District.

Action by plaintiffs against the defendant, as Sheriff of Sacramento county, to recover six hundred and fifty dollars, collected by him on plaintiffs' execution.

In March, 1856, Muldrow and Fore recovered judgment in the Sixth District against Samuel Norris, for about six hundred dollars. On the sixth of September, 1858, for a valuable consideration, Muldrow sold and assigned this judgment to the plaintiffs Moore & Welty. A short time after this assignment, plaintiffs caused execution to be issued and levied, by the defendant, on certain property belonging to Norris. This property was sold, a sufficient sum realized to pay the judgment and costs, and the money paid over to Crocker & Robinson. Moore & Welty demanded the money from the defendant, who refused to pay, and this suit is brought on the Sheriff's official bond to recover it. The assignment to Moore & Welty was in writing, and immediately filed among the papers in the case. ·Crocker & Robinson, who are the real defendants,

Fore v. Manlove.

set up for the Sheriff, that in 1857 Samuel Norris recovered judgment against Muldrow, McBrayer, Lapsley and others for three hundred dollars, and that this judgment was assigned by Norris to them; that in February, 1859, an execution was issued on this last named judgment, and levied upon the judgment which Muldrow had assigned to Moore & Welty, and that this judgment was then sold by the Sheriff, and purchased by Crocker & Robinson. Under this purchase, Crocker & Robinson claim to be the owners of the judgment of *Muldrow & Fore* v. *Norris,* and entitled to the money which the Sheriff collected, as above stated.

Plaintiffs had judgment below; defendant appeals.

*E. B. Crocker* and *Robt. Robinson,* for Appellant, cited Pr. Act, secs. 217, 220, 228; *Adams* v. *Halleck,* 7 Cal. 187, 203; *Johnson* v. *Reynolds,* Jan. Term, 1857, not reported; 4 Martin N. S. 416; 5 La. 416; 2 Martin N. S. 615; *Thomas* v. *Callahan's Heirs,* 5 Id. 180; 3 Hill, 228; 2 Murphy, 30; 3 Monroe, 449; *Wright* v. *Levy,* 12 Cal. 257; 1 Story Eq. sec. 64, ch. 411; 2 Id. secs. 1502, 1503; 5 Cal. 315; 3 Id. 179; 7 Id. 292; 6 Id. 315; 9 Id. 213; 2 Mass. 96; 4 Id. 456.

*Geo. R. Moore,* for Respondents.

1. The assignment of the judgment to Moore & Welty constituted them the absolute owners thereof, and hence there was no interest in the judgment left to be sold at the Sheriff's sale, and notice to subsequent purchasers was not necessary.    (3 Hill, 228; 3 Dessauss, 254; 5 Shep. 327; 6 Blackf. 444.)

2. The judgment in question was not the subject of levy and sale under execution; and if it were, the statute was not complied with, and the purchaser acquired no title.    Under the statute, notice of the levy must be served on the judgment debtor.    (Prac. Act, secs. 217, 220; *Crandall* v. *Blen,* 13 Cal. 15; *Ransom* v. *Miner,* 1 Code R. 98; 19 Wend. 495; 2 Hill, 666; 4 Kern. 270; 9 Barb. 620; 14 Cal. 49.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

If a judgment be the subject of levy and sale, as appellant contends, the purchaser would only take as assignee. No title to the chose in action different from that passing by act of assignment, made immediately by the owner of it, would be communicated by the Sheriff's sale. A judgment is not a negotiable instrument, as a bill of exchange is, by the law merchant; but is a mere *chose in action*, vesting an equitable right in the assignee to the proceeds of it, with a right to the usual and legal means of collecting the amount due on it. But in this case it appears that before the levy and sale, the judgment had been assigned for value by the holder of it to Moore & Welty. Their right first accruing by the assignment of the execution debtor, took precedence of the Sheriff's assignment subsequently made. The Sheriff sold the interest of the creditor in the judgment; but the title was already gone before the levy. Between two *bona fide* purchasers of a *chose in action* not negotiable, the purchaser first in time is prior in right. It does not avail to say that the execution sale carried the legal title and the prior assignment only an equity; the title sold in both cases is precisely the same—there being no difference, so far as affects the quality of the interest conveyed, between a sale made voluntarily by the party himself and a sale made for him by the Sheriff who, in making it, acts as his agent.

Judgment affirmed.