65 301
77 654
65 301
81 154
65 301
131 89

[No. 7,678. Department Two. — May 30, 1884.]

MAGGIE McBRIDE, RESPONDENT, v. CARMEL FALLON, APPELLANT.

JUDGMENT — EXECUTION — LEVY — OFFSET. — The plaintiff recovered judgment against the defendant for a sum of money. Afterward the defendant recovered a judgment against the plaintiff in the same court for a smaller amount. *Held*, that the defendant had a right of offset against the plaintiff to the extent of the judgment in her favor, and that an assignee of the plaintiff took subject to such right.

ID. — LEVY UPON AND SALE OF JUDGMENT. — A judgment cannot be levied upon and sold under execution as personal property capable of manual delivery. It can only be levied upon in the mode prescribed by subdivision five of section 542 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the county of Santa Clara, directing the clerk to issue execution upon a judgment in favor of the plaintiff.

The facts appear in the opinion of the court.

*S. O. Houghton*, for Appellant.

*L. Archer*, for Respondent.

SHARPSTEIN, J.— On the 8th day of February, 1878, the plaintiff recovered a judgment against the defendant, in the District Court of the Twentieth Judicial District, for the sum of $900 damages, and $284.40 costs. Afterwards, on the 19th day of April, 1878, in the same court, the defendant recovered a judgment against the plaintiff for the sum of $345.85. On the 6th day of June, 1878, an execution was issued on the last-named, and levied on the first-named judgment, which was sold under said execution, for $10. The plaintiff in whose favor the

judgment so levied upon and sold was entered, moved the court, after said sale, that execution issue thereon. The motion was granted, and from that order this appeal was taken. The judgments were in cross-actions, and one might have been set off against the other, the smaller thereby satisfied in full, the larger to the extent of the smaller, and an execution have issued for the balance.

Neither of the parties, by assigning his judgment to a third party, could have defeated the right of the other to have his judgment so set off. The assignee in that case would "take the demand *cum onere* and with the right of set-off still clinging to it." (*Pierce* v. *Bent*, 69 Me. 381.) And if we were to concede, which we do not, that in other cases a judgment could be levied upon and sold under execution, in the manner in which the plaintiff's judgment was, we should hesitate before holding that in a case of judgments in cross-actions, the larger might be levied on and sold under an execution issued on the smaller for a mere fraction less than one thirtieth of the amount due upon it, and thereby deprive the person having the larger of his entire judgment, and leave the smaller judgment to stand against him, mostly unsatisfied.

We think the right to have one judgment set off against another could not in that way be defeated. The smaller judgment was liable at any time to be swallowed up by the larger one. The holder of the latter could not prevent the holder of the former from having it set off *pro tanto* against the larger judgment, and the holder of the smaller judgment could not prevent the holder of the larger from having the smaller so set off, and then having execution issue for the balance due on the larger. The rights of the parties in that respect were reciprocal.

We are clearly of the opinion, however, that a judgment cannot, in any case, be levied on and sold under execution as the judgment in this case was.

After enumerating the kinds of property of a judgment debtor liable to execution, the Code provides that "shares and interests in any corporation or company, and *debts* and *credits*, . . . . and all other property not capable of manual delivery, may be attached on execution in like manner as upon writs of attachment." (Code Civ. Proc. § 688.)

"Debts and credits, and property not capable of manual delivery, must be attached" in the mode pointed out in subdivision 5, section 542, of the Code of Civil Procedure. That is, "by leaving with the person owing such debts, or having in his possession or under his control such credits and other personal property, or with his agent, a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession or under his control, belonging to the defendant, are attached in pursuance of such writ."

The fact that a debt is evidenced by a judgment does not, in our opinion, make it anything more or less than a debt, or more capable of manual delivery than it would be if not so evidenced. No provision is made for attaching or levying on *evidences* of debt. It is the debt itself which may be attached by writ of attachment, or "on execution in like manner as upon writs of attachment." This we think to be the meaning of the Code; and the mode prescribed by it is exclusive. (Code Civ. Proc. §§ 4, 18.) These views are not opposed to any heretofore expressed by this court in any case to which our attention has been directed. In *Adams* v. *Hackett*, 7 Cal. 187, a referee in proceedings supplementary to execution made an order that the judgment debtor should assign a judgment which he held against a third party. The Superior Court vacated the order, and on appeal this court reversed the order of the Superior Court. It is unnecessary to point out the distinction between that case and this.

In *Crandall* v. *Blen*, 13 Cal. 15, *Adams* v. *Hackett*, although not overruled, appears to be doubted.

In *Davis* v. *Mitchell*, 34 Cal. 81, it was held that a sheriff might, under an execution and sale, levy on a promissory note belonging to the judgment debtor, and that the purchaser took it, subject to any defense which the maker might have had against it, if the payee had retained it. In that case the sheriff had possession of the note, and delivered it to the purchaser. The court alluded to that circumstance without passsing upon its materiality. The case arose and was decided before the enactment of the Code, which, while it does not prescribe a mode of proceeding in such cases materially different from that pointed

out by the late practice act, makes that mode exclusive. But independently of that circumstance, we could not, with our present views, assent to the doctrine of that case.

Order affirmed.

MYRICK, J., and THORNTON, J., concurred.