[No. 9683.    Department One. — April 21, 1887.]

MAURICE DORE, PLAINTIFF, v. GEORGE DOUGH-
ERTY ET AL., DEFENDANTS.    JOHN DOUGHERTY,
RESPONDENT, THOMAS S. MILLER, APPELLANT.

SUMMONS — IRREGULARITY IN ISSUANCE OF ALIAS — COLLATERAL ATTACK. —
An objection to the regularity of the issuance of an *alias* summons in an
action in a Justice's Court is not jurisdictional, and cannot be taken
advantage of in a collateral attack.

ID. — IRREGULARITY IN SUMMONS — JUDGMENT BY DEFAULT. — A judgment
of a Justice's Court rendered by default after a personal service of sum-
mons is not void, although the summons fails to definitely state the
nature of the cause of action, and does not notify the defendant to ap-
pear and answer at the office of the justice.

JUDGMENT — NOT SUBJECT TO EXECUTION. — A judgment is but the evidence
of a debt, and as such is not subject to levy or sale under execution.

ID. — GARNISHMENT OF JUDGMENT DEBT. — The appellant claimed to be
entitled to the money due upon the judgment in question under an exe-
cution sale. The execution was issued out of a Justice's Court against
the person in whose favor the judgment was rendered. The levy of the
execution was made by the sheriff, who delivered to and left with the
judgment debtor a copy of the writ, with a notice in writing that he
levied upon the judgment, particularly describing it, and also upon all
moneys, goods, credits, effects, debts due or owing, or under his control,
and requesting him not to pay or transfer the same to any one except the
sheriff. *Held*, that the service of the writ and notice on the judgment
debtor was not a levy on the judgment as such, but a garnishment of the
money due thereon.

APPEAL — DISMISSAL — SERVICE OF STATEMENT ON NEW TRIAL — ADVERSE
PARTIES. — An appeal will not be dismissed on the ground that the state-
ment on motion for a new trial was not served on all the adverse parties,
when the parties not served are not interested in the appeal.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The judgment of the Justice's Court under which the
appellant claims was rendered by default after the per-
sonal service of an *alias* summons. The objections to
the *alias* summons were, that it was issued without any
return of the original, that it did not sufficiently state
the nature of the cause of action; and that it failed to

notify the defendant to appear and answer at the office of the justice of the peace.    The further facts are stated in the opinion of the court.

*Joseph M. Nougues,* and *Charles E. Nougues,* for Appellant.

*J. C. Bates,* for Respondent.

*Michael Mullany,* for Plaintiff.

*H. C. Firebaugh,* for Defendant Hallidie.

TEMPLE, J.—August 3, 1880, George Dougherty, one of the defendants, recovered judgment against the present plaintiff for $2,186, and costs.    On the same day Dougherty assigned the judgment to his son, John Dougherty. September 3d, Dore appealed to the Supreme Court from the judgment.    The judgment was affirmed here February 16, 1883.    (*Dougherty* v. *Dore,* 63 Cal. 170.) September 4, 1880, while the appeal was pending, defendant Miller caused a levy to be made on the judgment by virtue of an execution from the Justice's Court of San Francisco, upon a judgment against George Dougherty in favor of Miller.    The attempted levy was by the sheriff, who delivered to and left with Maurice Dore a copy of the writ, with a notice in writing that such property, to wit, " all the right, title, and interest in and to a certain judgment obtained in the Superior Court, department 5, of the city and county of San Francisco, in which George Dougherty is plaintiff, and Maurice Dore defendant, judgment having been rendered on the ninth day of August, 1880, against said Maurice Dore for the sum of $2,186, and costs"; also notifying Dore that he levied upon all moneys, goods, credits, effects, debts due or owing, or in his possession, or under his control; and requesting him not to pay or transfer the same to any one save said officer.    September 27, 1880, the sheriff proceeded to sell all the right, title, and inter-

est of George Dougherty in the judgment to the defendant Miller for the sum of twenty dollars, which was credited upon the execution and judgment in favor of Miller against said Dougherty. This action was brought by Dore under section 386, Code of Civil Procedure, to have the court determine who was entitled to receive the money, the amount of the judgment and costs, $2,850, being deposited in court. The court awarded the money to John Dougherty, the assignee of George Dougherty, and Miller appeals from the judgment, or a portion of it.

The Superior Court refused to allow Miller to introduce proof for the purpose of showing that the assignment to John Dougherty was fraudulent, on the ground that Miller had acquired no title to the judgment against Dore, and had no such standing as would enable him to attack the assignment. This position is sought to be maintained on the ground, first, the judgment rendered in Justice's Court is void; but in this we do not agree with respondent's counsel. The summons was sufficient, at least as against a collateral attack, under the rule laid down in *Keybers* v. *McComber*, 67 Cal. 395. Whether the *alias* summons was regularly issued or not is not a jurisdictional question.

In the next place, it is claimed that the judgment was not subject to levy and sale under execution. We think this point well taken. It was expressly so held in *McBride* v. *Fallon*, 65 Cal. 301. Much may be said on both sides of this question, and it has been differently decided in different states. As it has been decided in the above case, we see no reason for reopening the discussion. It is claimed that the case of *McBride* v. *Fallon*, *supra*, only holds that the sale could not be made as it was attempted in that case, and that the mode of levy there was different from the mode pursued here. But that ruling is expressly placed upon the ground that the judgment is but the evidence of a debt, and the statute has made no provision for attaching or levying upon

evidences of debt; but that it is the debt itself, and not the evidence of it, which may be levied upon by the writ of attachment, or on execution in like manner as upon writs of attachment. And to confirm this view the court alludes to the case of *Davis* v. *Mitchell*, 34 Cal. 81, where it was held that a promissory note was the subject of levy and sale, when the sheriff could get possession of it, and could deliver it to the purchaser, and say they could not assent to the doctrine of that case. Of course it is not denied that a judgment is property, or that it can be the subject of assignment. The ruling is based entirely upon the statute. And it seems to us that it necessarily follows that the debt was by the proceeding duly levied upon. Service of the writ and notice constituted what is usually called the process of garnishment.

It is claimed that the garnishment is not sufficiently pleaded by defendant Miller. It is true, Miller claims to have bought the judgment; but in showing his title to the judgment he adopts by express reference the allegations in the complaint which show the garnishment, and adds the other facts which show the debt itself was duly levied upon. This put Miller in the attitude of a creditor, and gave him the right to attack the assignment for fraud, and the ruling denying him that right was error. The other defendants were not interested in this appeal, and the motion to dismiss, on the ground that it does not appear that the statement was served on all the adverse parties, must be denied.

Judgment reversed, so far as the same affects defendant Miller, and a new trial ordered as to the claim of said defendant.

Paterson, J., and McKinstry, J., concurred.

Hearing in Bank denied.