[Sac. No. 4197. In Bank.—September 27, 1932.]

FARMERS AND MERCHANTS BANK OF LOS ANGELES (a Corporation), Appellant, v. BANK OF ITALY (a Corporation), Respondent.

Samuel V. Cornell, Alfred C. Skaife and Irene Bryan for Appellant.

T. B. Scott, Louis Ferrari and Keyes & Erskine for Respondent.

THE COURT.—Plaintiff appeals from a judgment in favor of defendant. The facts as found by the trial court are not in dispute and are as follows:

On July 31, 1922, one Hemple borrowed $500 from respondent bank, and gave to that bank at its Modesto branch his note for that sum, and pledged as security therefor certificates representing twenty-five shares of the Security State Bank of Turlock, one share of U. S. Steel Corporation, preferred, and three shares of the Butterick Company, all of which shares were indorsed in blank. On August 10, 1922, appellant brought an action against Hemple for $5,013 in Stanislaus County. In this action a writ of attachment was levied upon the Security State Bank attaching the interest in the shares of that bank owned by Hemple and pledged to respondent. On August 23, 1922, appellant recovered judgment by default against Hemple for the amount prayed for. On the same date a writ of execution was issued. On September 27, 1922, a notice of garnishment under this writ was served on the respondent. On September 30, 1922, the respondent made answer to the garnishment in which it was stated that respondent was not indebted to Hemple. About October 9, 1922, respondent sold to one Johnson Hemple's note and transferred to Johnson the collateral pledge as security therefor. The transfer by respondent to Johnson was made subject to the

rights of appellant under its garnishment. In November, 1922, the interest of Hemple in the shares of the Security State Bank was sold under an *alias* writ of execution, being purchased by appellant for $500. In 1923 appellant commenced this action against respondent.

It is rather difficult to ascertain the exact theory upon which the complaint is based. Appellant seems to be of the opinion that under the facts of this case it had the right to proceed by action directly against the garnishee after it had transferred the pledged stock. Appellant makes no pretense that the complaint is based on the theory of a creditors' bill in equity to subject to the satisfaction of the judgment assets which cannot be reached by execution. The facts necessary to such an action are not alleged. (See *Bond* v. *Bulgheroni*, 215 Cal. 7 [8 Pac. (2d) 130].) In its opening brief appellant states: ''The appellant in the case at bar proceeds against the respondent under section 544 of the Code of Civil Procedure, making a garnishee liable to a judgment creditor for the property in his hands at the time of a garnishment.'' However, that section can have no application to the instant case for the reason that it only applies when a garnishment has been levied *under a writ of attachment*. In the instant case respondent was not garnished under a writ of attachment, but under a *writ of execution*. Section 544 of the Code of Civil Procedure has no application to cases where the garnishment is levied under a writ of execution. It is well settled in this state that if the garnishment is levied under a writ of execution the judgment creditor must proceed not under the code sections dealing with writs of attachment (such as section 544 of the Code of Civil Procedure) but under the code sections prescribing proceedings supplementary to execution, i. e., sections 714 to 721 of the Code of Civil Procedure. There is one fundamental difference between the two procedures. By the express terms of section 544 persons indebted to the judgment debtor are, upon receiving notice that such debts are attached, made directly liable to the attaching creditor. But no such direct liability is provided for in the sections supplementary to execution. By these sections an action arises against the garnishee only when the steps provided as conditions precedent are complied with. This distinction has been long recognized in this state. In *Nordstrom* v. *Corona*

*City Water Co.*, 155 Cal. 206, at page 211 [132 Am. St. Rep. 81, 100 Pac. 242, 244], it is stated: "There is, furthermore, this peculiarity in the code sections regulating garnishments. By the express terms of the statute relating to attachments, persons indebted to the defendant are, upon receiving notice that such debts are attached, made directly liable to the plaintiff for the amount thereof. (Code Civ. Proc., sec. 544.) No such direct liability is, however, provided in the case of a levy of execution upon such debts, and this court has, on several occasions, pointed out that the levy of execution upon a debtor of the judgment debtor does not give the plaintiff a cause of action against the garnishee." Since respondent herein was not garnisheed under a writ of attachment it follows, of course, that the appellant has no cause of action under section 544 of the Code of Civil Procedure. Appellant's cause of action, if any exists, must be based upon the provisions of sections 714 to 721 of the Code of Civil Procedure. The complaint fails to allege, and the evidence clearly shows, and appellant admits that it did not comply with the provisions of these sections. Those sections require that the execution creditor must first secure an examination of the judgment debtor's debtor before the court, respecting any alleged indebtedness to the judgment debtor, and then if such alleged debtor of the judgment debtor denies the indebtedness, under section 720 of the Code of Civil Procedure, the judgment creditor may sue.

It must be remembered that whatever rights appellant may have against respondent exist solely by virtue of statute. The respondent is not indebted to appellant—there is no privity between a judgment creditor and his debtor's debtor. Formerly the remedy of such a judgment creditor was by a creditor's bill, but now, except in unusual cases, of which this is not one, rights of the judgment creditor against the debtor's debtor are governed entirely by those provisions of the Code of Civil Procedure providing for proceedings supplementary of execution. (Sec. 714 et seq.) Under those sections an alleged debtor of the judgment debtor may be fully examined under oath as to any assets of the judgment debtor under his control, witnesses may be called, and if it appears that any such assets are in his hands, the court may order them to be turned over to the judgment creditor. However, if the person alleged to have the property of the

judgment debtor claims any interest in the property, or denies the debt, then and only then the judgment creditor, under section 720 of the Code of Civil Procedure, may bring an action against such person to recover the property. Before 1907 it was further required that as an additional condition precedent the judgment creditor, before such an action would lie, must secure from the court before whom the examination was held an order authorizing him to sue. By an amendment to section 720 in 1907 that condition precedent was abolished, but that was the only effect of the 1907 amendment. The other conditions precedent still exist, and must be complied with before any action under section 720 will lie. We are not here concerned with how strictly the code sections must be complied with. We have no doubt that substantial compliance is all that is required. In the instant case appellant entirely ignored the proceedings contemplated by the code. If appellant desires to avail itself of the remedies granted by the code, it must do so under the conditions therein provided. The respondent has been sued in this action by one to whom it is not indebted. Respondent is entitled, before any such action will lie, to the protection guaranteed by the code.

The principles above enunciated have long been settled in this state. In *Herrlich* v. *Kaufmann*, 99 Cal. 271 [37 Am. St. Rep. 50, 33 Pac. 857, 858], the court stated (p. 274):

"The complaint goes upon the theory that the plaintiff herein, Herrlich, having a money judgment against Mrs. McDonald, and having upon an execution thereon served Kaufmann with a notice of garnishment thereby acquired as direct a cause of action against the latter as in any case where *indebitatis assumpsit* would lie. But this is not the law. There is, at common law, no privity between a judgment creditor and his debtor's debtor; there is no contract relation between them, and no relation of any kind which, of itself, gives the former a direct cause of action at law against the latter.

"Formerly assets of a judgment debtor which could not be effectively seized by the sheriff under an execution, such as a debt owing to the defendant, could be reached, upon a proper showing, through a court of equity by means of a creditors' bill, or suit, but in this state, and in most of

the other states, a legal remedy is afforded by statutes providing for proceedings supplementary to execution, and the general rule is that when there are such statutory proceedings they must be pursued.

"The Code of Civil Procedure of this state, from section 716 to 721, specifically provides how a judgment creditor may proceed against a debtor of his judgment debtor. Those sections provide (in brief) that after the issuing of an execution, upon a showing by affidavit or otherwise that a person is indebted to the judgment debtor in an amount exceeding $50, the judge may order such person to appear and answer concerning such alleged indebtedness; if he admits the indebtedness he may be ordered to apply the amount thereof to the satisfaction of the judgment; if he denies any indebtedness, and the denial seems after a hearing to be *bona fide,* the court or judge may authorize the judgment creditor to institute a suit against such person to recover such alleged debt. Now in the case at bar the plaintiffs entirely ignored these statutory provisions; and without procuring an order for appellant to appear and answer, and without any order authorizing them to commence an action against appellant, brought this suit upon the theory of a direct liability of appellant to them, as hereinbefore stated."

The court therefore concluded that the complaint did not state a cause of action.

Again, in *Matteson etc. Mfg. Co.* v. *Conley,* 144 Cal. 483 [77 Pac. 1042], this court, at page 484, stated: "The question is as to whether an action can be maintained directly against a person who has been served with an execution to recover money due from such person to the execution debtor. We think the question must be answered in the negative. The defendant is not indebted to the plaintiff. At common law there is no privity between a judgment creditor and his debtor's debtor. There is no contract relation between them, and we know of no case in which it has been held that such action would lie, in the absence of a statute authorizing it. In place of a creditors' bill, and as a remedy more direct and certain, we have a chapter on proceedings supplementary to execution. (Code Civ. Proc., sec. 714 et seq.) Under the provisions of this chapter a debtor of a judgment debtor may be fully examined as to property, credits, money or other assets in his possession or under his control. Wit-

nesses may be examined, and the judge may order any property of a judgment debtor not exempt from execution or due to the judgment debtor to be applied toward the satisfaction of the judgment. If it appears that the person alleged to have property of the judgment debtor or to be indebted to him claims an interest in the property adverse to him or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person for the recovery of such interest or debt. In this case the plaintiff did not attempt to comply with the provisions of said chapter concerning proceedings supplementary to execution. Defendant has not been examined concerning any property or moneys due by him to Carlisle. No order has been made as to the application of any assets of Carlisle in the hands of defendant, nor has any order been made authorizing this action. It is therefore evident that the proceedings contemplated by the code have been entirely ignored. The defendant, without having been examined or ordered to pay any money, has been sued by one to whom he is not indebted. Plaintiff does not claim that defendant is indebted to him. If he would reach property or credits in the hands of defendant for the purpose of satisfying his judgment against Carlisle, he must do so in the manner provided by law." (See, also, *Phillips* v. *Price,* 153 Cal. 146 [94 Pac. 617]; *Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370 [48 Pac. 332].)

It therefore follows that since appellant has failed to comply with the statutory provisions above enumerated, no cause of action exists against respondent. This makes it unnecessary to discuss the many other points raised in the briefs of counsel.

The judgment appealed from is affirmed.