34 Cal.App.2d Supp. 733 (1939)
SUNSET REALTY COMPANY (a Corporation), Respondent,
v.
L. E. DADMUN, Defendant; PERCIVAL E. WOODS, Appellant.
California Court of Appeals. 
March 31, 1939.
 P. E. Cavaney and L. E. Dadmun for Appellant.
 Goodman, Bachrack & Brownstone for Respondent.
 Bishop, J.,
 The defendant in the action which gives title to the proceeding under review, L. E. Dadmun, appears in two roles: he is a judgment debtor in the municipal court, and a judgment creditor, at least for the time being, in the superior court. The judgment in his favor is for $2,892.75, costs and interest, the balance found to be due [34 Cal.App.2d Supp. 735] from Inez Watson, his judgment debtor, for the reasonable value of services rendered as her attorney. The judgment against L. E. Dadmun, as appears from the writ of execution involved in this proceeding, is $534.20. Before judgment was rendered against Inez Watson in the superior court, a writ of attachment from the municipal court was employed to garnishee for the plaintiff in our action any debt due and owing from Inez Watson to Dadmun. Thereafter the municipal court action and the superior court action each proceeded to judgment, and the plaintiff obtained a writ of execution upon its municipal court judgment and garnisheed the superior court judgment by the service of a notice upon the guardian of the property and person of Inez Watson, who had been adjudged an incompetent person as well as a debtor, which notice was to the effect that the marshal demanded all money or debts due or owing L. E. Dadmun as to the superior court judgment. At the time of the garnishment the superior court judgment had not become final, indeed an appeal from it is still pending.
 Then a third party appeared, Percival E. Woods, who filed with the marshal a claim that prior to the attachment any moneys owing from Inez Watson to L. E. Dadmun had been assigned to him (Woods) and that a further confirming assignment had been given him by L. E. Dadmun after the superior court judgment was entered and before it was affected in any way by a writ of execution. Upon the petition of the plaintiff, a hearing was had upon this third party claim, as though authorized by section 689, Code of Civil Procedure, resulting in the judgment under review, in which it was decreed that when the writ was levied the title to the superior court judgment was not vested in the third party claimant.
 [1] It is our conclusion that the judgment rendered in the third party claim proceeding must be reversed because section 689, Code of Civil Procedure, does not authorize the filing of a third party claim when a debt is the subject of a garnishment, whether by attachment or under a writ of execution. We have stated the problem as though we were concerned with a mere debt and not a debt reduced to judgment, with deliberation, for reasons which will appear. We are not passing upon either the validity or the priority of the claims of the parties. [34 Cal.App.2d Supp. 736]
 The answer to our problem, of course, depends in the last analysis upon the provisions of section 689 of the Code of Civil Procedure. Before turning to the provisions of that section, however, which are not couched in phrases so clear that no need for interpretation exists, it will be helpful to note its purpose. We need not here duplicate the sketch of the legislative history of section 689 which appears in First Nat. Bank v. Kinslow, (1937) 8 Cal.2d 339, 343 [65 PaCal.2d 796]. As enacted and as amended, one of its main purposes was and is to give protection to the officer making the levy from claims for damages by third parties. (Paden v. Goldbaum, (1894) 4 Cal. Unrep. 767 [37 P. 759]; Brenot v. Robinson, (1895) 108 Cal. 143 [41 P. 37]; Dubois v. Sprinks, (1896) 114 Cal. 289 [46 P. 95]; Kellogg v. Burr, (1899) 126 Cal. 38 [58 P. 306]; Cory v. Cooper, (1931) 117 Cal.App. 495, 502 [4 PaCal.2d 581]; Rowland v. Bruton, (1932) 125 Cal.App. 697 [14 PaCal.2d 116].) It seems obvious to us that a marshal who has garnisheed an indebtedness, and nothing more, has no need of the protection afforded by section 689, certainly not unless and until the debt is paid to him as plaintiff's agent.
 [2] If the debt is not paid to the levying officer, he has no further duty respecting it. The plaintiff, not the officer, is the one in a position to press the collection of the debt. This the plaintiff may do without further proceedings, if the debt has been garnisheed under attachment, section 544, Code of Civil Procedure: Finch v. Finch, (1909) 12 Cal.App. 274 [107 P. 594, 598]; Marshall v. Wentz, (1915) 28 Cal.App. 540 [153 P. 244]; Farmers & Merchants Bank v. Bank of Italy, (1932) 216 Cal. 452 [14 PaCal.2d 527]; after following the substitute for the creditor's bill found in section 714 et seq., Code of Civil Procedure, if the garnishment depends on the levy of a writ of execution. (Herrlich v. Kaufmann, (1893) 99 Cal. 271 [33 P. 857, 37 Am.St.Rep. 50]; Farmers & Merchants Bank v. Bank of Italy, supra.)
 [3] When a load of hay is levied upon, in order that the purpose of the levy may be accomplished, it has to be sold, for the judgment creditor acquires no title to it. Moreover, a load of hay, as such, cannot be credited on a money judgment; it has to be converted into money before satisfaction can be measured. When a debt is garnisheed the right [34 Cal.App.2d Supp. 737] to collect it, as we have already noted, passes to the judgment creditor, not to the sheriff, and when collected it may at once be credited on the judgment. It would seem to follow that when a debt is the subject of garnishment there is no reason for the levying officer to proceed to sell the debt. We believe that the law, in harmony with reason, gives the levying officer neither the duty nor the power to sell a debt which has been garnisheed. As authority for this conclusion, we find a number of early Supreme Court cases, standing undisturbed and unchallenged, which stoutly hold that a judgment, when the subject of garnishment, may not be sold, the rationale of the decisions being that a judgment is after all but a debt, and a debt may not be sold on execution, but is collectible as provided by sections 716 et seq., Code of Civil Procedure.
 The first case we note is McBride v. Fallon, (1884) 65 Cal. 301 [4 P. 17]. This conclusion appears in the opinion: "... a judgment cannot, in any case, be levied on and sold under execution ..." In support of its decision, the Supreme Court pointed out that debts may be attached on execution in like manner as upon writs of attachment; that is, as prescribed by section 542, Code of Civil Procedure. The Supreme Court continued, page 303: "The fact that a debt is evidenced by a judgment does not, in our opinion, make it anything more or less than a debt, or more capable of manual delivery than it would be if not so evidenced. No provision is made for attaching or levying on evidences of debt. It is the debt itself which may be attached by writ of attachment or 'on execution in like manner as upon writs of attachment'. This we think to be the meaning of the code; and the mode prescribed by it is exclusive."
 Another case recognizing that by garnishment of a "judgment" you lay hold on the debt it represents, but that there is no statutory provision to sell the judgment, because the statutory provisions respecting the garnishment of a debt do not authorize its sale, is Dore v. Dougherty, (1887) 72 Cal. 232 [13 P. 621, 1 Am.St.Rep. 48]. Here we find Dore, a judgment debtor, paying the amount of his judgment, over $2,100, into court and interpleading Dougherty, who claimed to be in the shoes of Dore's judgment creditor by virtue of an assignment of the judgment, and Miller, who [34 Cal.App.2d Supp. 738] claimed to be entitled to receive payment of the judgment by virtue of a garnishment of it and also by virtue of having purchased it when it was sold under execution. Miller, it appears, had a judgment against Dore's judgment creditor, and caused the judgment against Dore to be levied upon by the sheriff. The sheriff, we note for later purposes, left a copy of the writ with Dore, not with his judgment creditor, and a notice, all as required by section 542, Code of Civil Procedure, to make an effective garnishment upon the judgment and upon any other debts Dore might be owing his judgment creditor. The sheriff thereafter "sold" the judgment, Miller bidding it in for $20.
 At the trial of the interpleader action, Miller endeavored, but was not permitted, to prove that the assignment to Dougherty was fraudulent, and the sum which represented the judgment was awarded to Dougherty. On appeal, the Supreme Court held that as a purchaser of the judgment Miller had no standing and could not attack the assignment, relying upon the case of McBride v. Fallon, supra, 65 Cal. 301, for its premise that a judgment which is garnisheed cannot thereafter be sold on execution. But the futility of having been a purchaser of the judgment at the execution sale did not end the case; the Supreme Court continuing, said, page 235: "Of course it is not denied that a judgment is property, or that it can be the subject of assignment. The ruling is based entirely upon the statute. And it seems to us that it necessarily follows that the debt was by the proceeding duly levied upon. Service of the writ and notice constituted what is usually called the process of garnishment ... This put Miller in the attitude of a creditor, and gave him the right to attack the assignment for fraud. ..."
 In Latham v. Blake, (1888) 77 Cal. 646 [18 P. 150, 20 P. 417], an attempted sale upon execution of a judgment was again held fruitless, the question being deemed concluded by McBride v. Fallon, supra. Referring to this case the Supreme Court said, page 654: "The decision does not expressly declare that the debt, of which the judgment is the evidence, may not be reached by execution, but plainly indicates that if it can be so reached it is only by the modes provided for reaching debts and credits and other property not capable of manual delivery which may be attached on execution in like manner as upon writs of attachment. (Code Civ. Proc., sec. 688.) This character of property can only be [34 Cal.App.2d Supp. 739] attached as provided by subdivision 5 [now 6], section 542 of the Code of Civil Procedure,--that is, by leaving with the person owing such debts, etc., a copy of the writ, and a notice that the debts owing by him to the defendant are attached in pursuance of such writ."
 In Hoxie v. Bryant, (1900) 131 Cal. 85 [63 P. 153], concluding that a promissory note could be sold on execution, the court had this to say (p. 89): "The distinction between a judgment and a promissory note is plain. The judgment is a matter of record. It is the record evidence of the debt due by the judgment debtor. It is not capable of being taken out of the book where it is recorded and personally delivered. The sheriff cannot seize the judgment, take possession of it, and sell it."
 We would have contended ourselves with merely citing these cases in support of the proposition which we are considering, that the marshal does not have the duty or the power to sell a debt which has been garnisheed, but for two fairly recent decisions, Meserve v. Superior Court, (1934) 2 Cal.App.2d 468 [38 PaCal.2d 453], and Everts v. Will S. Fawcett Co., (1937) 24 Cal.App.2d 213 [74 PaCal.2d 815]. In the first of these it was decided that a defendant who had a judgment for costs on appeal, could levy upon and sell the interests of the plaintiff in the cause of action for breach of contract pending against the defendant. In the Everts case it was held that four pending causes of action for damages resulting from fraud were subject to levy and sale.
 We are not shaken in our conclusion by either of these cases. In each, the debt, or cause of action, was not reached by garnishment, by service on the debtor of the judgment debtor, but the levy was claimed to have attached to the cause of action by service of notice upon the person who laid claim to the cause of action. In the Everts case the District Court of Appeal in its opinion lays stress on the distinction just made. In the Meserve case no mention is made of any of the Supreme Court cases we have cited in support of our thesis that a debt may not be levied upon and sold, possibly for the reason pointed out in the Everts case, where they are listed, that those cases are in point only where debts have been garnisheed, not where they have been seized from those to whom they are due. We are contem to note that the debt involved in the proceeding before [34 Cal.App.2d Supp. 740] us was garnisheed; we need not speculate upon the authority for or effect of attaching a debt by serving notice on the creditor that the sum due him has been attached, for that procedure does not seem to have been followed here.
 We are not content to distinguish our case from the two just cited on the ground that they dealt with causes of action which had not yet been merged into a judgment, while the claim involved in our case had been, for the reason that for some purposes at least, until the judgment is final, the debt retains its character as a debt, and is not to be regarded as a judgment. (Arp v. Blake, (1923) 63 Cal.App. 362 [218 P. 773]; Pacific Gas & Elec. Co. v. Nakano, (Feb. 1939) 12 Cal.2d 711 [87 PaCal.2d 700].) In any event, as we have noted, the judgment is at best a new garb for the debt; it is the debt and not the garb in which we are interested.
 [4] It might be argued that a debt, being a chose in action, was authorized to be sold on execution by the mandate of section 691, Code of Civil Procedure: "The officer to whom the writ is directed, must execute the writ against the property of the judgment debtor, by ... collecting or selling the things in action ..." It is evident that this provision does not embrace all things in action, for the following reasons: the provision has been continuously in effect, since the days of the Practice Act; judgments are choses in action (Ford v. Manlove, (1861) 18 Cal. 436, 438; Haskins v. Jordan, (1898) 123 Cal. 157, 161 [55 P. 786]; Anglo-California Trust Co. v. Oakland Rys., (1924) 193 Cal. 451, 469 [225 P. 452]); and yet judgments, as we have seen, are not to be sold by the levying officer. In addition to cases already noted, see, also, Judnick v. Judnick, (1920) 47 Cal.App. 380, 382 [190 P. 480]. Excluding debts which have been garnisheed from those things in action which the levying officer may sell does not rob "things in action" as used in section 691, of its function. Perhaps a clew to its meaning may be found in the cases holding that a garnishment of credits does not affect a debt. As stated in Gow v. Marshall, (1891) 90 Cal. 565, 568 [27 P. 422]: "A debt is money owing by the garnishee to the defendant which may be paid over to the sheriff, while credits are something belonging to the defendant, but in the possession and under the control of the garnishee, like promissory notes or other evidences of indebtedness of third parties, which may [34 Cal.App.2d Supp. 741] be delivered up or transferred to the sheriff." See, also, Clyne v. Easton, Eldridge & Co., (1905) 148 Cal. 287, 293 [83 P. 36, 113 Am.St.Rep. 253]. Such things in action as come into the marshal's hands, it is his duty to collect or sell. Debts, which never get into his hands, he may not sell.
 As we turn now to view the provisions of section 689 of the Code of Civil Procedure, we call attention to the case of First Nat. Bank v. Kinslow, (1937) 8 Cal.2d 339 [65 PaCal.2d 796], in which our Supreme Court quoted the section at length, as it read after the 1933 amendments became effective, analyzed its provisions, and came to the conclusion that they did not authorize the filing of a third party claim when real estate was the subject of a levy, hence a judgment after a hearing on a third party claim was unauthorized and should be reversed. We shall have occasion to refer to this as the Kinslow case as we examine the provisions of the section, some of the terms of which have undergone some change, as will appear.
 The opening words of the section are more limited than they were as considered in the Kinslow case, but still remain generic, not specific: "If personal property levied on is claimed by a third person as his property." In addition to requiring that the third party's claim shall set out his "right to the possession of the property levied upon", the section now requires the third party to set forth the reasonable value of the property and the third party's title thereto. It is difficult to see how any one of these three matters becomes of moment in the situation created by the mere garnishment of a debt. Certainly the right to its possession is no more involved than is the right to the possession of real estate involved when a levy is made upon it, that is to say, not at all. See the Kinslow case. Perhaps it would be begging the question we are discussing to say that the reasonable value of, and title to, the debt are not brought into question. In any event, the contents required to be set forth in the claim which has to be filed with the levying officer are all matters which are of no interest to him where the only effect of his levy is to garnishee a debt.
 In the Kinslow case, the expressions "taking or keeping such property" and "holding ... such property" were said to be "not pertinent to any acts of an officer levying execution upon real property. He neither takes, keeps nor [34 Cal.App.2d Supp. 742] holds real property after a levy thereon." We now have not only these, but other expressions: "seizing, taking, withholding or sale of such property"; "the taking, keeping or sale of such property"; "such officer shall hold the property"; "right to have said property taken, or held, by the officer". In this connection, we quote from Herrlich v. Kaufmann, supra, 99 Cal. 271, 274; because of the words we emphasize: "Formerly, assets of a judgment debtor, which could not be effectively seized by the sheriff under an execution, such as a debt owing to the defendant, could be reached, upon a proper showing, through a court of equity by means of a creditors' bill or suit," and adopting the thought of the Supreme Court in the Kinslow case, we say: the expressions we have just quoted from section 689 are not pertinent to any acts of an officer garnisheeing a debt. He neither seizes, takes, holds, withholds, keeps or sells the debt. Nowhere in section 689, Code of Civil Procedure, do we find any language indicating that it had any reason to be or was intended to be applied when a debt had been subjected to garnishment.
 So far as we are aware, the question we are deciding is one of first impression in this state. We find of significance, however, the silence of the Supreme Court in Bond v. Bulgheroni, (1932) 215 Cal. 7 [8 PaCal.2d 130], where moneys in a bank had been attached and a third party claim to them filed with the sheriff. The judgment creditor brought a creditor's suit in equity, and the point in dispute was whether or not such a suit was open to him in view of the fact that he had not availed himself of his legal remedies. The particular legal remedy discussed was that prescribed by sections 714 to 722, inclusive, Code of Civil Procedure, and it was held that these granted inadequate relief because the bank deposit was claimed by a third party. It was not deemed worthy of discussion, seemingly, that the respective rights of the judgment creditor and the third party claimant to the debt which the bank apparently owed the judgment debtor, could be adjudicated in a hearing under section 689.
 [5] To avoid the possibility of a misunderstanding, let us say expressly that our conclusion that section 689 does not authorize the filing of a third party claim where a debt has been garnisheed, is not to be interpreted as a holding that when the debt has been paid to the levying officer the section does not become applicable. We have in mind Duncan [34 Cal.App.2d Supp. 743] v. Standard Accident Ins. Co., (1934) 1 Cal.2d 385, 389 [35 PaCal.2d 523], in which a judgment was garnisheed and paid to the levying officer. It was first decided that one who claimed the judgment had been assigned to him could not rely upon his third party claim because section 689 was inapplicable to a garnishment proceeding even though the debt garnisheed had been paid to the levying officer, (1933) (Cal.App.) 27 PaCal.2d 431, 433. The Supreme Court, however, took the case over and held that it was error not to have permitted the appellant to prove his third party claim.
 We are thus led to the conclusion that the judgment appealed from should be and so it is, reversed, with directions to the trial court to dismiss the third party hearing proceeding, appellant to have his costs on appeal. The appeal from the order denying the motion to retax costs is dismissed.
 Shaw, P. J., and Schauer, J., concurred.