[Civ. No. 12476.   Second Appellate District, Division One.—November 10, 1939.]

HERBERT L. LANTIN, Petitioner, v. EUGENE W. BIS-CAILUZ, Sheriff, etc., Respondent.

Maurice Rose for Petitioner.

J. H. O'Connor, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

WHITE, J.—This is an original proceeding for a writ of mandate seeking to compel the sheriff of Los Angeles County to proceed under a writ of execution with the sale of all the right, title and interest of certain judgment debtors in and to a debt owing to them from an execution debtor.  The admitted facts are that in an action in the Superior Court of Los Angeles County one Benjamin Fink obtained a judgment for $75,000 plus interest and costs against William Weisman

and Joseph Toplitzky. On appeal to this court the judgment was affirmed as to the defendant Weisman, but was reversed as to the defendant Toplitzky, by reason of which said Toplitzky recovered a judgment against Fink for the costs of the appeal in the sum of $819.60, which judgment was duly entered in the records of the Superior Court of Los Angeles County. Subsequently, on or about October 23, 1936, said judgment for appeal costs was assigned to the petitioner herein by the administrator of the estate of Joseph Toplitzky, deceased.

Under date of September 6, 1939, the Superior Court of Los Angeles County made its order in the aforesaid action directing that execution issue for the enforcement of the judgment rendered in favor of the defendant Toplitzky against the plaintiff, Fink, for appeal costs. For reasons not here material the execution was also directed against the property of William Austin Callahan and Jamie Morgan Montague, as well as against said Benjamin Fink. On September 13th petitioner herein caused to be delivered to respondent sheriff the original writ of execution, together with a copy thereof and instructions signed by petitioner's attorney whereby respondent sheriff was instructed by virtue of said writ of execution to levy on the defendant William Weisman and sell the personal property in such instructions mentioned not capable of manual delivery, to wit, "all debts, credits, and other personal property not capable of manual delivery, owed by William Weisman to the plaintiff Benjamin Fink, and to William Austin Callahan and Jamie Morgan Montague, or to any of them", and "particularly all debts that William Weisman owes to said Benjamin Fink, William Austin Callahan and Jamie Morgan Montague, or to any of them, under or by reason of that certain judgment for the sum of $75,000.00, with interest, recovered by said Benjamin Fink against said William Weisman".

Following such levy William Weisman furnished respondent sheriff with a written statement setting forth that no part of said judgment had been paid and that the entire amount of the indebtedness of said Weisman on the judgment was still due and owing from Weisman to the owner of said judgment. It is conceded that the sheriff has been unable to collect any of the indebtedness due from the execution debtor Weisman to the holders of the judgment upon which the

aforesaid execution was levied. Petitioner thereupon requested the defendant sheriff to proceed to sell the indebtedness of the execution debtor Weisman to petitioner's judgment debtors, and particularly all right, title and interest of said judgment debtors in the indebtedness of said execution debtor under the aforesaid judgment against such execution debtor, William Weisman. Thereafter respondent sheriff duly served the execution debtor Weisman, with a written notice of the proposed sale of the judgment debtor's interest in said judgment upon a date therein fixed, and respondent sheriff further published notice of said proposed sale, the same to be by public auction. On the date to which the sale was finally continued respondent sheriff notified petitioner's attorney that he refused to proceed with such sale, upon the ground that he was without power to sell the property which he had levied upon as aforesaid, and thereupon adjourned said proposed sale from time to time until the same is now set for Monday, November 13th, at which time it is conceded respondent sheriff will refuse, unless directed so to do by appropriate writ, to proceed with such sale.

Respondent's only return to the alternative writ heretofore issued is by way of demurrer to the petition therefor upon the grounds that the same does not state facts sufficient to constitute grounds for the issuance of a writ of mandate, and further, does not state facts sufficient to constitute a cause of action.

Respondent contends that while there is authority for the sale upon execution of a cause of action either before or after the same has been reduced to judgment (*Meserve* v. *Superior Court,* 2 Cal. App. (2d) 468 [38 Pac. (2d) 453]; *Everts* v. *Will S. Fawcett Co.,* 24 Cal. App. (2d) 213 [74 Pac. (2d) 815]; *Sunset Realty Co.* v. *Dadmun,* 34 Cal. App. (2d) (Supp.) [88 Pac. (2d) 947]), there is nevertheless no authority in this state for the sale upon execution of a judgment as such, conceding, however, that a *cause of action* which has been merged into a *judgment* may be sold upon execution provided a levy is first made in the manner authorized by *Meserve* v. *Superior Court, supra,* and *Everts* v. *Will S. Fawcett Co., supra.* Respondent further asserts that in order to levy upon a cause of action, either before or after the same has been reduced to a judgment, service of the writ must be made upon the *plaintiff* in the action sought to be levied

upon, since he is the person in control of the property in question, and that service cannot be made, as was done in the instant case, upon Weisman, who was the defendant in the original action of *Fink* v. *Weisman et al.* Respondent claims that because the garnisheed debt has not been delivered to the sheriff there is no authority in law for a sale upon execution, citing *Brainard* v. *Rogers,* 74 Cal. App. 247 [239 Pac. 1095], and *Sunset Realty Co.* v. *Dadmun, supra.* Respondent sheriff's position may therefore be epitomized as a claim that in the case before us there was no valid levy of execution because service of the writ was never made upon Benjamin Fink, plaintiff in the original action, and that the service made was merely by way of *garnishment* upon the defendants in such action. It may be noted, however, that it appears from the allegations of the petition that Benjamin Fink resides outside of this state, and that a notice of the proposed sale under execution was personally served upon him by the sheriff of Ramsey County, Minnesota, in St. Paul, Minnesota, and that notice also was served upon his attorney in Los Angeles.

With reference to property liable to execution, section 688 of the Code of Civil Procedure provides in part as follows: "All goods, . . . or other property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law, and all property and rights of property seized and held under attachment in the action, are liable to execution."

With reference to the manner in which execution is to be levied, we find the same section continuing: "Shares and interests in any corporation or company, and *debts* and credits, and all other property, both real and personal, or any interest in either real or personal property, and all other property not capable of manual delivery, may be levied upon, . . . *in like manner as like property may be attached* . . . "

Section 541 of the Code of Civil Procedure provides that all *debts* due a defendant and not exempt from execution may be attached.

Following the direction contained in the sentence last above quoted from section 688 of the Code of Civil Procedure, we turn to section 542 of the Code of Civil Procedure for guidance as to the manner in which property is to be attached, and therein we find, with reference to the procedure

prescribed for the sheriff in levying the writ, subdivision 6 of section 542, reading in part as follows: *"Debts* and credits and other personal property, not capable of manual delivery, must be attached by leaving with the person *owing* such debts, or having in his possession, or under his control, such credits and other personal property, or with his agent . . . a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ.''

It seems plain that in cases such as the one before us, where the levy is sought to be made on *debts,* that the proper procedure was that followed by the sheriff herein when he served a copy of the writ upon Mr. Weisman, defendant in the original action, who was the person *owing* the debt upon which execution was sought. It seems plain to us that ''debts'' could in no case be validly ''seized'' from those to whom they are due, but can be seized only by taking them from those from whom and not to whom they are owing. The levy having been legally and lawfully made, section 691 of the Code of Civil Procedure dictates the subsequent duty reposing upon the levying officer by providing that the officer ''must execute the writ against the property of the judgment debtor, by . . . collecting *or* selling the things in action, and selling the other property, and paying to the plaintiff or his attorneys so much of the proceeds as will satisfy the judgment. Any excess in the proceeds over the judgment and accruing costs must be returned to the judgment debtor, unless otherwise directed by the judgment or order of the court''. There would seem to be no question but that a debt may be sold on execution before it has been adjudicated, and that being so, no good reason appears why such debt should not be salable on execution after it has been adjudicated by a record judgment.

We are unable to perceive any conflict between our holding here and the cases of *Dore* v. *Daugherty,* 72 Cal. 232 [13 Pac. 621, 1 Am. St. Rep. 48], *McBride* v. *Fallon,* 65 Cal. 301 [4 Pac. 17], or *Meserve* v. *Superior Court, supra.* In none of these cases is it expressly declared that the debt of which the judgment is the evidence may not be reached by execution. The tenor of these decisions might well be summarized in the following language from *McBride* v. *Fallon, supra:*

"We are clearly of the opinion, however, that a *judgment* cannot, in any case, be levied on and sold under execution as the judgment in this case was." (Italics added.) We are not in accord with the views expressed in the case of *Sunset Realty Co.* v. *Dadmun, supra,* so far as the same holds that unless the debt is voluntarily paid by the execution debtor to the levying officer as "plaintiff's agent" upon a writ of execution such as in the case at bar, that the officer has no further duty respecting it and has no power to sell such a debt.

The obligation of William Weisman, the execution debtor herein, evidenced by the judgment recovered against him by the petitioner's judgment debtors, was a "debt" within the meaning of section 542, subdivision 6, of the Code of Civil Procedure. To effect a levy under the writ of execution on said "debt", the levying officer had but one course of procedure, that prescribed in section 542, namely, to leave as he did a copy of said writ with the execution debtor, William Weisman, the person "owing" such debt, with a notice that the debts "owing by him" to the petitioner's judgment debtors were attached pursuant to said writ. Respondent sheriff having duly followed the prescribed procedure, the levy on said "debt" was valid and effectual, and by reason thereof certain rights enured to the petitioner herein attendant with corresponding duties on the sheriff with respect to the collection or sale of said debt.

The demurrer to the petition is overruled; and it is ordered that the peremptory writ issue as prayed.

York, P. J., and Doran, J., concurred.